1  Brian R. Strange (SBN 103252)
   lacounsel@earthlink.net
2  Gretchen Carpenter (SBN 180525)
   gcarpenter@strangeandcarpenter.com
3  John P. Kristensen (SBN 224132)
   jkristensen@strangeandcarpenter.com
4  STRANGE & CARPENTER
   12100 Wilshire Boulevard, Suite 1900
5  Los Angeles, California 90025
   Telephone: (310) 207-5055
6  Fax: (310) 826-3210

7  *Counsel for Plaintiff and all others similarly situated*

8

9                    **UNITED STATES DISTRICT COURT**

10                   **NORTHERN DISTRICT OF CALIFORNIA**

11                       **SAN FRANCISCO DIVISION**

| | |
|---|---|
| ATHANASSIOS DIACAKIS, individually and on behalf of all others similarly situated, | **Case No. 11-cv-3002-MEJ** |
| Plaintiff, | **CLASS ACTION** |
| v. | **FIRST AMENDED COMPLAINT FOR VIOLATIONS OF:** |
| COMCAST CORPORATION; and DOES 1-10, inclusive, | **1. California Consumers Legal Remedies Act, Cal. Civil Code §§ 1750,** *et seq***.** |
| Defendants. | **2. California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200,** *et seq***.** |
| | **3. California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500,** *et seq***.** |
| | **4. Fraud and Deceit** |
| | **5. Unjust Enrichment** |
| | **6. Washington Consumer Protection Act, RCW 19.86** |
| | **JURY TRIAL DEMANDED** |
| | Assigned to the Hon. Maria-Elena James |
| | Case filed on May 13, 2011 |

Plaintiff Athanassios Diacakis ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## I. NATURE OF THE CASE

1. This is a class action brought on behalf of all persons and entities in the States of California and Washington who purchased a bundled package, including but not limited to the Triple Play package, consisting of internet, cable television and/or telephone service from Defendant Comcast Corporation and/or DOE DEFENDANTS 1 through 10 (hereinafter "Defendants" or "Comcast"), and who were subsequently charged additional rental or lease fees for equipment outside of and in addition to the bundled rate.

## II. JURISDICTION

2. This Court has personal jurisdiction over Defendants. Defendants conducted business within the State of California and in this District, purposely availed themselves of the benefits and protections of the State of California, and/or have sufficient contact with this State such that maintenance of this action in this locale would be consistent with traditional notions of fair play and substantial justice.

3. On June 17, 2011, Defendant filed a Notice of Removal of this Action from the Superior Court of the State of California, San Francisco County, to this Court, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453.

## III. INTRA-DISTRICT ASSIGNMENT

4. This case was removed from the Superior Court of the State of California, San Francisco County, and has been assigned to the San Francisco Division of this District. Moreover, San Francisco County is the residence of the Plaintiff and where a substantial part of the events or omissions which give rise to Plaintiff's claims occurred.

## III. PARTIES

5. Plaintiff Athanassios Diacakis is a resident of San Francisco, California who purchased a Triple Play package from Defendant Comcast Corporation, and was subsequently charged additional equipment rental and/or lease fees outside of and in addition to the advertised package fee.

1      6.      Defendant Comcast Corporation (hereinafter "Comcast") is a Pennsylvania
2 corporation with its principal place of business at 1701 John F. Kennedy Boulevard,
3 Philadelphia, Pennsylvania 19103.  Comcast is registered to do business in California.  Plaintiff
4 is informed and believes that Comcast conducted and conducts business in San Francisco
5 County.
6      7.      The above named Defendant, and its subsidiaries and agents, are collectively
7 referred to as "Defendants."  The true names and capacities of the Defendants sued herein as
8 DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore
9 sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is
10 legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to
11 amend the Complaint to reflect the true names and capacities of the DOE Defendants when such
12 identities become known.
13      8.      Plaintiff is informed and believes and thereon alleges that at all relevant times,
14 each and every Defendant was acting as an agent and/or employee of each of the other
15 Defendants and was the owner, agent, servant, joint venturer and employee, each of the other and
16 each was acting within the course and scope of its ownership, agency, service, joint venture and
17 employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is
18 informed and believes and thereon alleges that each of the acts and/or omissions complained of
19 herein was made known to, and ratified by, each of the other Defendants.
20      9.      At all times mentioned herein, each and every Defendant was the successor of the
21 other and each assumes the responsibility for each others' acts and omissions.

## IV. FACTUAL ALLEGATIONS

23      10.     From August 11, 2011 to August 20, 2011, Plaintiff contacted Comcast seeking to
24 purchase cable television services.  Plaintiff inquired after seeing Comcast advertisements for
25 bundled packages.  During the course of a number of phone calls, Plaintiff received numerous
26 offers for monthly services, including for the "Triple Play" package that bundled digital cable,
27 telephone service and internet access.  Plaintiff was informed that he would receive the service
28 for the digital cable, telephone service and internet access at a flat rate.  At no time was Plaintiff

1  informed that he would be charged an additional charge for a modem rental, or a modem lease.

2      11.    In reliance on Comcast's representations that he would be charged a flat rate,
3  Plaintiff had the services installed at his residence.

4      12.    Plaintiff's bills have included charges for modem fees and modem leases outside
5  and in excess of the bundled services.  Plaintiff was never informed of the charges and had no
6  reason to believe he would be charged additional charges outside of or in addition to the bundled
7  price.

## V.  CLASS ACTION ALLEGATIONS

9      13.    Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil
10  Procedure and/or other applicable law, on behalf of himself and all others similarly situated, as a
11  member of the proposed class (hereafter the "Class") defined as: all persons and entities in the
12  States of California and Washington who purchased a bundled internet, cable television and/or
13  telephone service package from Defendant Comcast Corporation, and who were subsequently
14  charged additional rental or lease fees for equipment outside of and in addition to the bundled
15  rate.

16      14.    Included in the Class is a subclass of persons residing in the State of California
17  (the "California Subclass").

18      15.    Included in the Class is a subclass of persons residing in the State of Washington
19  (the "Washington Subclass").

20      16.    Excluded from the Class are governmental entities, Defendants, any entity in
21  which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal
22  representatives, employees, co-conspirators, successors, subsidiaries, and assigns.  Also excluded
23  from the Class are any judges, justices or judicial officers presiding over this matter and the
24  members of their immediate families and judicial staff.

25      17.    This action is properly maintainable as a class action.  This action satisfies the
26  numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

27      18.    **Numerosity:** The proposed Class and Subclasses are so numerous that individual
28  joinder of all their members is impracticable.  Due to the nature of the trade and commerce

involved, Plaintiff believes that the total number of Class and Subclass members is at least in the hundreds.  While the exact number and identities of the Class and Subclass members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.  Plaintiff alleges that the Class and Subclasses may be ascertained by the records maintained by Defendants.

19. **Common Question of Law and Fact Predominate:**  There are many questions of law and fact common to the Class and Subclasses, and those questions predominate over any questions that may affect individual Class and Subclass members, in that the claims of all Class and Subclass members for each of the claims herein can be established with common proof. Common questions of fact and law include, but are not limited to, the following:

(a) Whether Defendants' representations regarding the costs of their internet, cable television and/or telephone services are accurate;

(b) Whether Defendants' representations regarding the costs of their internet, cable television and/or telephone services are misleading;

(c) Whether Defendants knew that their representations about their internet, cable television and/or telephone services were false and misleading;

(d) Whether Defendants' conduct described herein violated the statutes and laws alleged herein; and

(e) The nature and extent of damages, restitution, injunctive relief, and other remedies to which the conduct of Defendants entitles the Class and Subclass members.

20. **Typicality:**  Plaintiff's claims are typical of the claims of the members of the Class and Subclass, as Plaintiff was subject to the same common course of conduct by Defendants as all other Class and Subclass members.  The injuries of each member of the Class and Subclass were caused directly by Defendants' wrongful conduct as alleged herein.

21. **Adequacy of Representation:**  Plaintiff will fairly and adequately represent and protect the interests of the Class and Subclasses.  Plaintiff has retained counsel with substantial experience in handling complex class action litigation.  Plaintiff and his counsel are committed to

1  prosecuting this action vigorously on behalf of the Class and Subclasses and have the financial
2  resources to do so.
3      22.     **Superiority of Class Action:**  A class action is superior to other available
4  methods for the fair and efficient adjudication of the present controversy.  Class and Subclass
5  members have little interest in individually controlling the prosecution of separate actions
6  because the individual damage claims of each Class and Subclass member are not substantial
7  enough to warrant individual filings.  In sum, for many, if not most, Class and Subclass
8  members, a class action is the only feasible mechanism that will allow them an opportunity for
9  legal redress and justice.  Plaintiff is unaware of any litigation concerning the present controversy
10 already commenced by members of the Class.  The conduct of this action as a class action in this
11 forum, with respect to some or all of the issues presented herein, presents fewer management
12 difficulties, conserves the resources of the parties and of the court system, and protects the rights
13 of each Class member.
14     23.     Moreover, individualized litigation would also present the potential for varying,
15 inconsistent, or incompatible standards of conduct for Defendants, and would magnify the delay
16 and expense to all parties and to the court system resulting from multiple trials of the same
17 complex factual issues.  The adjudication of individual Class members' claims would also, as a
18 practical matter, be dispositive of the interests of other members not parties to the adjudication,
19 and could substantially impair or impede the ability of other Class members to protect their
20 interests.
21     24.     Plaintiff and the members of the Class have suffered and will continue to suffer
22 harm as a result of Defendants' unlawful and wrongful conduct.  Defendants have acted or
23 refused to act in respects generally applicable to the Class, thereby making appropriate final and
24 injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

**Violation of the Consumers Legal Remedies Act, Cal. Civil Code §§ 1750, *et seq*.**

**(By Plaintiff and the California Subclass Against All Defendants)**

28     25.     Plaintiff hereby incorporates by reference as if fully set further herein the

1  preceding paragraphs of this complaint.

2      26.    The Consumers Legal Remedies Act ("CLRA") creates a non-exclusive statutory remedy for unfair methods of competition and unfair or deceptive acts or business practices. Its self-declared purpose is to protect consumers against these unfair and deceptive business practices, and to provide efficient and economical procedures to secure such protection. Cal. *Civ. Code* § 1760. The CLRA was designed to be liberally construed and applied in favor of consumers to promote its underlying purposes. *Id*.

    27.    Defendants have violated paragraphs 5, 9, 13 and 14 of Cal. *Civ. Code* § 1770(a) by engaging in the unfair and/or deceptive acts and practices set forth herein, including but not limited to:

    (a)    Informing consumers that they will receive a bundled package that would include internet, cable television and/or telephone services at one monthly price, without informing the consumers that there would be additional rental or lease fees (outside of additional content) that would materially increase the quoted monthly price;

    (b)    Deceitfully marketing that consumers could receive bundled packages including internet, cable television and/or telephone services at one monthly price, without informing the consumers that there would be additional rental or lease fees that would materially increase the quoted monthly price; and

    (c)    Failing to disclose that the monthly bundled package would not include additional costs for rental and leasing fees that materially increased the quoted monthly price.

    28.    Defendants' unfair and deceptive business practices in carrying out the marketing program described above were and are intended to and did and do result in the purchase of Defendants' services by consumers, including Plaintiff, in violation of the CLRA.

    29.    Plaintiff reasonably believed that he was obtaining a bundled package that would include internet, cable television and/or telephone services at one monthly price and had no reason to believe that he would be charged a secondary charge or charge(s) for rental or leasing

1  fees above and beyond the quoted bundled price.  In reasonable reliance on Defendants'
2  misrepresentations and omissions, Plaintiff agreed to obtain a bundled package and has
3  subsequently been assessed additional rental and leasing fees of up to $10 a month.  He has
4  therefore suffered injury proximately caused by Defendants' unfair and deceptive practices.

5      30.  Defendants' practice of selling and enrolling consumers in a bundled package
6  including internet, cable television and/or telephone services at one monthly price, without
7  informing the consumers that there would be additional rental or lease fees would be material to
8  a reasonable consumer.  Had this material fact been disclosed to Plaintiff and the California
9  Subclass members before they signed up for the bundled package, as reasonable consumers, they
10 would have behaved differently.

11     31.  Defendants had an obligation to disclose the above material fact to Plaintiff and
12 the California Subclass members.  This obligation to disclose arose, among other reasons,
13 because the automatic monthly charges for previously undisclosed leasing and rental was in the
14 exclusive knowledge of Defendants and not known to the average consumer.  Defendants'
15 obligation to disclose also arose when they made partial representations about the "bundled
16 package" as a complete monthly fee, but actively suppressed the fact that obtaining the "bundled
17 package" would automatically result in the consumer being charged additional fees above and
18 beyond what the consumers were informed.  Had Plaintiff and the California Subclass members
19 known that they would be charged the undisclosed leasing and rental fees in addition to the
20 monthly fee for the "bundled package," they would have behaved differently.

21     32.  As a result of Defendants' unfair and deceptive business practices, Plaintiff seeks
22 and is entitled to an order enjoining Defendants from continuing to engage in the unfair and
23 deceptive business practices alleged herein.

24     33.  Further, as a direct and proximate result of the above-described conduct, Plaintiff
25 and California Subclass members sustained damages in an amount to be proven at trial.

26     34.  On May 13, 2011, Plaintiff provided Defendants with written notice of his and the
27 California Subclass's claims, via U.S. certified mail, return receipt requested, and demanded that,
28 within 30 days, Defendants correct, repair, replace or otherwise rectify the practices complained

1  of herein for the entire California Subclass pursuant to Civil Code section 1770.  Defendants
2  failed to do so or agree to do so.  Therefore, Plaintiff now seeks damages for such deceptive
3  practices pursuant to Civil Code section 1782.

**SECOND CAUSE OF ACTION**

**Violation of the Unfair Competition Law, Cal. Bus. and Prof. Code §§ 17200, *et seq.***

**(By Plaintiff and the California Subclass Against All Defendants)**

7   35.   Plaintiff hereby incorporates by reference as if fully set further herein the
8  preceding and subsequent paragraphs of this complaint.

9   36.   Cal. *Bus. & Prof. Code* §§ 17200, *et seq.* (the "Unfair Competition Law" or
10 "UCL") authorizes private lawsuits to enjoin acts of "unfair competition," which include any
11 unlawful, unfair, or fraudulent business practice.

12  37.   The UCL imposes strict liability.  Plaintiff need not prove that Defendants
13 intentionally or negligently engaged in unlawful, unfair or fraudulent business practices—but
14 only that such practices occurred.

15  38.   The material misrepresentations, concealment, and non-disclosures by Defendants
16 as part of their marketing and advertising for the "bundled packages" of internet, cable television
17 and/or telephone services are unlawful, unfair, and fraudulent business practices prohibited by
18 the UCL.

19  39.   In carrying out such marketing, Defendants have violated the Consumers Legal
20 Remedies Act, the False Advertising Law, and various other laws, regulations, statutes, and/or
21 common law duties.  Defendants' business practices alleged herein, therefore, are unlawful
22 within the meaning of the UCL.

23  40.   The harm to Plaintiff and members of the public outweighs the utility of
24 Defendants' practices and, consequently, Defendants' practices, as set forth fully above,
25 constitute an unfair business act or practice within the meaning of the UCL.

26  41.   Defendants' practices are additionally unfair because they have caused Plaintiff
27 and the California Subclass substantial injury, which is not outweighed by any countervailing

1  benefits to consumers or to competition, and is not an injury the consumers themselves could
2  have reasonably avoided.
3      42.    Defendants' practices, as set forth above, have misled the general public in the
4  past and will mislead the general public in the future.  Consequently, Defendants' practices
5  constitute an unlawful, unfair, and fraudulent business practice within the meaning of the UCL.
6      43.    Pursuant to Cal. *Bus. & Prof. Code* § 17204, an action for unfair competition may
7  be brought by any "person . . . who has suffered injury in fact and has lost money or property as a
8  result of such unfair competition."  Defendants' wrongful misrepresentations and omissions have
9  directly and seriously injured Plaintiff and the California Subclass by causing them to purchase
10 Defendants' products based upon false and misleading marketing and labeling.  Plaintiff
11 reasonably relied upon Defendants' representations that the bundled monthly package would
12 have a standard monthly charge.  In reasonable reliance on Defendants' misrepresentations and
13 omissions, Plaintiff signed up and agreed to a bundled package of internet, cable television
14 and/or telephone services, but was subsequently charged additional monthly costs for equipment
15 leases and rental fees, outside of the monthly "bundled package" charge, and therefore, he has
16 suffered injury in fact.
17     44.    The unlawful, unfair, and fraudulent business practices of Defendants are ongoing
18 and present a continuing threat to members of the public.
19     45.    Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive
20 relief ordering Defendants to cease this unfair competition, as well as disgorgement and
21 restitution to Plaintiff and the California Subclass of all of Defendants' revenues associated with
22 their unfair competition, or such portion of those revenues as the Court may find equitable.

23                        **THIRD CAUSE OF ACTION**
24    **Violation of the False Advertising Law, Cal. Bus. and Prof. Code §§ 17500, *et seq.***
25         **(By Plaintiff and the California Subclass Against All Defendants)**
26     46.    Plaintiff hereby incorporates by reference as if fully set further herein the
27 preceding paragraphs of this complaint.
28

47.     Cal. *Bus. & Prof. Code* § 17500 provides in part that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, . . . , in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

48.     Defendants misled consumers by making untrue statements that they would provide consumers bundled packages of internet, cable television and/or telephone services for a monthly price, while failing to disclose additional monthly fees for equipment leases and rental fees, as alleged above. Defendants knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and the California Subclass members.

49.     As a direct and proximate result of Defendants' misleading and false advertising, Plaintiff and the members of the California Subclass have suffered injury in fact and have lost money or property. Plaintiff reasonably relied upon Defendants' representations that his monthly fee would be the price he was told. In reasonable reliance on Defendants' false advertising, Plaintiff purchased one of Defendants' bundled packages for internet, cable television and/or telephone services, and was subsequently charged additional undisclosed monthly fees for equipment leases and equipment rental fees, and therefore, he has suffered injury in fact.

1    50.    The misleading and false advertising described herein presents a continuing threat to Plaintiff and the California Subclass in that Defendants persist and continue to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.  Defendants' conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.  Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendants to cease their false advertising, as well as disgorgement and restitution to Plaintiff and the California Subclass of all of Defendants' revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## FOURTH CAUSE OF ACTION

### Fraud

**(By Plaintiff and the Class Against All Defendants)**

51.    Plaintiff hereby incorporates by reference as if fully set further herein the preceding paragraphs of this complaint.

52.    Defendants materially misrepresented to Plaintiff and plaintiff Class members orally and in writing that Defendants would charge a specific fee every month for a bundled package of internet, cable television and telephone services.

53.    Defendant made substantially the same representations to Plaintiff and each plaintiff Class member.  This representation was communicated to the general public.

54.    The foregoing representation was false.  In truth, Defendants charged Plaintiff and plaintiff Class members larger monthly fees that included equipment lease and/or equipment rental fees.

55.    At the time these representations were made, Defendants knew them to be false and knew that failing to disclose the additional equipment lease and/or equipment rental fees was/were material omission(s).  Defendants made these representations with the intention to deceive and defraud Plaintiff and plaintiff Class members, and to induce them to act in reliance on these representations by purchasing their bundled packages.

56.    Plaintiff and plaintiff Class members were ignorant of the falsity of Defendants' representations at the time they were made.  At the time Plaintiff and plaintiff Class members

1  purchased Defendants' bundled packages they believed them to be for a specific monthly fee.  In
2  reliance on these representations, Plaintiff and plaintiff Class members were induced to and did
3  purchase the services to their detriment.  Had Plaintiff and plaintiff Class members known the
4  true facts, they would not have taken such action.  Plaintiff's and plaintiff Class members'
5  reliance on Defendants' representations was/were justified because Defendants were the ones
6  offering the services for sale, and possessed superior knowledge of the facts, as they were
7  peculiarly within the knowledge of Defendants.

8     57.    Defendants made substantially the same representation to all plaintiff Class
9  members who purchased the bundled packages.  Because the representations were material,
10 reliance and justification for the reliance may be inferred or presumed on a class-wide basis for
11 Plaintiff and all plaintiff Class members.

12    58.    As a result of Defendants' fraudulent conduct as alleged above, Plaintiff and
13 plaintiff Class members have suffered damages.

14    59.    The foregoing conduct of Defendants (i) constituted an intentional
15 misrepresentation, deceit, or concealment of a material fact known to the Defendants with the
16 intention on the part of Defendants of thereby depriving Plaintiff and plaintiff Class members of
17 property or legal rights or otherwise causing Plaintiff and plaintiff Class members injury; (ii) was
18 intended by Defendants to cause injury to Plaintiff and plaintiff Class members or was despicable
19 conduct that was carried on by Defendants with a willful and conscious disregard of the rights of
20 others; and/or (iii) was despicable conduct that subjected Plaintiff and plaintiff Class members to
21 cruel and unjust hardship.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment

**(By Plaintiff and the Class Against All Defendants)**

25    60.    Plaintiff hereby incorporates by reference as if fully set further herein the
26 preceding paragraphs of this complaint.

27    61.    Defendants have received a benefit at the expense of Plaintiff and plaintiff Class
28 members.

62. Defendants improperly obtained money from Plaintiff and plaintiff Class members as a result of their purchases of the bundled package services. No substantial justification exists for Defendants' conduct. Accordingly, Defendants have received a benefit and have unjustly retained this benefit at the expense of Plaintiff and the plaintiff Class.

63. As a direct and proximate result of Defendants' misconduct, Plaintiff and plaintiff Class members have paid money for services they were to provide at a lower rate and are thereby entitled to restoration of their monies.

### SIXTH CAUSE OF ACTION

### Violation of Washington Consumer Protection Act, Chapter 19.68 RCW

(By the Washington Subclass Against All Defendants)

64. Plaintiff hereby incorporates by reference as if fully set further herein the preceding paragraphs of this complaint.

65. Revised Code of Washington ("RCW") Chapter 19.68, *et seq*. ("Washington Consumer Protection Act" or "CPA") authorizes private lawsuits for damages as a result of and/or to enjoin "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

66. In misrepresenting the actual monthly fee of the bundled packages of internet, cable television and/or telephone services in a manner calculated or tending to mislead or deceive consumers, Defendants engaged in an unfair or deceptive act or practice.

67. The aforementioned sales of the bundled packages were committed in the course of trade or commerce.

68. An unfair or deceptive act or practice need not be intended to deceive – it need only have "the capacity" to deceive a substantial portion of the public. The purpose of the capacity-to-deceive standard is to deter deceptive conduct before injury occurs. Knowing the failure to reveal something of material importance is "deceptive" within the CPA.

69. Defendants' acts in selling the bundled packages impacts the public interest because it (a) injured other persons, (b) had the capacity to injure other persons, and/or (c) has the capacity to injure other persons.

70. Plaintiff seeks equitable/injunctive relief and damages on behalf of the Washington Subclass for actual damages sustained as a result of Defendants' unfair acts or practices in an amount to be determined at trial as well as the costs of this suit and reasonable attorneys' fees.

71. To the extent Washington Subclass members seek monetary damages, Plaintiff also seeks treble damages on behalf of each Washington Subclass member for his or her actual damages sustained as a result of Defendants' unfair acts in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class and Subclasses, prays for relief and judgment as follows:

1. An order certifying this action as a class action and appointing Plaintiff and his counsel to represent the Class and Subclasses;

2. For the first cause of action, preliminary and permanent injunctive relief enjoining Defendants, their agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unfair or deceptive acts or business practices alleged above and that may yet be discovered in the prosecution of this action; damages; restitution; disgorgement of all money or property wrongfully obtained by Defendants by means of their herein-alleged unfair and deceptive business practices; and attorneys' fees and costs;

3. For the second cause of action, preliminary and permanent injunctive relief enjoining Defendants, their agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful, unfair, and fraudulent business practices alleged above and that may yet be discovered in the prosecution of this action; restitution; disgorgement of all money or property wrongfully obtained by Defendants by means of their herein-alleged unlawful, unfair, and fraudulent business practices; and attorneys' fees and costs;

4. For the third cause of action, preliminary and permanent injunctive relief enjoining Defendants, their agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the misleading and false advertising

1 alleged above and that may yet be discovered in the prosecution of this action; restitution;
2 disgorgement of all money or property wrongfully obtained by Defendants by means of their
3 herein-alleged misleading and false advertising; and attorneys' fees and costs;

4     5. For the fourth cause of action, compensatory special damages; general damages;
5 and attorneys' fees and costs;

6     6. For the fifth cause of action, restitution and attorneys' fees and costs;

7     7. For the sixth cause of action, preliminary and permanent injunctive relief
8 enjoining Defendants, their agents, servants and employees, and all persons acting in concert
9 with them, from engaging in, and continuing to engage in, the unlawful, unfair, and fraudulent
10 business practices alleged above and that may yet be discovered in the prosecution of this action;
11 restitution; disgorgement of all money or property wrongfully obtained by Defendants by means
12 of their herein-alleged unlawful, unfair, and fraudulent business practices; compensatory special
13 damages; treble damages where applicable; and attorneys' fees and costs; and

14     8. Such other and further relief as the Court deems just and proper.

DATED: June 24, 2011               Respectfully submitted,

                                      STRANGE & CARPENTER

                                      By: /s/ Gretchen Carpenter
                                          Brian R. Strange
                                          Gretchen Carpenter
                                          John P. Kristensen
                                          Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury for all such triable claims.

DATED: June 24, 2011               Respectfully submitted,

                                      STRANGE & CARPENTER

                                      By: /s/ Gretchen Carpenter
                                          Brian R. Strange
                                          Gretchen Carpenter
                                          John P. Kristensen
                                          Attorneys for Plaintiff