1
2
3
4
5
6                       UNITED STATES DISTRICT COURT
7                    FOR THE NORTHERN DISTRICT OF CALIFORNIA
8                                 OAKLAND DIVISION
9

10  ATHANASSIOS DIACAKIS, individually           No: C 11-3002 SBA
    and on behalf of all others similarly situated,
11                                                **ORDER GRANTING IN PART
             Plaintiff,                           AND DENYING IN PART
12                                                DEFENDANT'S MOTION TO
         vs.                                      DISMISS PLAINTIFF'S FIRST
13                                                AMENDED COMPLAINT**
    COMCAST CORPORATION, and DOES 1-
14  10, inclusive,                                Dkt. 15

15           Defendants.

16

17       Plaintiff Athanassios Diacakis ("Plaintiff"), individually and on behalf of all others
18  similarly situated, filed the instant putative class action against Defendant Comcast
19  Corporation ("Comcast"), alleging that it violated various state consumer protection
20  statutes by fraudulently marketing and selling service plans without disclosing associated
21  equipment fees.  The parties are presently before the Court on Defendant's Motion to
22  Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 15.  Having read and
23  considered the papers filed in connection with this matter and being fully informed, the
24  Court hereby GRANTS IN PART and DENIES IN PART the motion for the reasons set
25  forth below.  The Court, in its discretion, finds this matter suitable for resolution without
26  oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).
27
28

## I. BACKGROUND

### A. FACTUAL SUMMARY

Comcast provides cable television, broadband internet, and telephone service to residential and commercial customers. In August 2011, Plaintiff contacted Comcast in response to advertisements for bundled packages (i.e., internet, cable television and telephone services for a single price). Id. ¶ 10. During the course of various telephone calls with Comcast, Plaintiff allegedly received numerous offers, including one for the "Triple Play" package, which bundled cable, telephone and internet services. Id. Plaintiff was informed that he would receive these services for a flat fee. Id. He was not advised that there was an additional charge for the modem necessary to receive those services. Id. Plaintiff ultimately agreed to the Triple Play package. He alleges that in making that decision, he relied on Comcast's advertisements and representations, and his belief that there would be no additional monthly equipment lease fee. Id. ¶ 11.

Comcast subsequently provided Plaintiff with an Agreement for Residential Services ("Services Agreement"),[1] which states in pertinent part:

> **Charges, Fees, and Taxes You Must Pay.** You agree to pay all charges associated with the Services, including, but not limited to ... Comcast Equipment (as defined below) charges …
> **How We Will Bill You.** … You will generally be billed monthly, in advance, for recurring service charges, equipment charges, and fees. **YOU MUST PAY, ON OR BEFORE THE DAY WE INSTALL ANY OR ALL OF THE SERVICES, THE FIRST MONTH'S SERVICE CHARGES, COMCAST EQUIPMENT CHARGES, ANY DEPOSITS, AND ANY INSTALLATION CHARGES.**

Def.'s Mot. at 2; Ex. A § 2(a), (b) (emphasis in original). The Services Agreement defines "Comcast Equipment" as "all new or reconditioned equipment installed, provided or leased to you by us or our agents, including, but not limited to ... cable modems ... and any other hardware excluding equipment purchased by you from Comcast." Id. §6(a). Sometime

---

[1] Plaintiff avers in his Complaint that he was "never informed" about equipment fees, and makes absolutely no reference therein to the Service Agreement. FAC ¶ 12. In response to the Motion to Dismiss to which the Service Agreement was attached, however, Plaintiff acknowledges that "Comcast later sent Plaintiff the Services Agreement." Pl.'s Opp'n at 2.

thereafter, Comcast installed service at Plaintiff's residence. FAC ¶ 11. Plaintiff began receiving monthly bills which included an additional charge for a modem. Id. ¶ 12.

### B. PROCEDURAL HISTORY

On May 13, 2011, Plaintiff filed a class action complaint in the San Francisco County Superior Court. Notice of Removal ¶ 3, Dkt. 1. On June 17, 2011, Comcast removed the action to this Court under the Class Action Fairness Act, 28 U.S.C. § 1332(d). Dkt. 1.

On June 24, 2011, Plaintiff filed a First Amended Complaint ("FAC") against Comcast alleging six state law causes of action for: (1) violation of California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq. ("CLRA"); (2) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL"); (3) violation of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq. ("FAL"); (4) fraud and deceit; (5) unjust enrichment; and (6) violation of Washington's Consumer Protection Act, RCW 19.68 et seq. ("CPA").

On August 8, 2011, Comcast filed the instant Motion to Dismiss Plaintiff's FAC. Dkt. 15. Comcast argues the FAC should be dismissed in its entirely without leave to amend. The motion has been fully briefed and are ripe for decision.

## II. LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In deciding a Rule 12(b)(6) motion, courts generally "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). The allegations must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted). Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile. Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-88 (9th Cir. 2002).

## III. DISCUSSION

### A. CLRA

The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices" in the sale or lease of goods or services. Cal. Civ. Code § 1770. In his first claim for relief, Plaintiff alleges that Comcast violated the CLRA's proscriptions against:

> (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have.
>
> . . . .
>
> (9) Advertising goods and services with intent not to sell them as advertised.
>
> . . . .
>
> (13) Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions.
>
> (14) Representing that a transaction confers or involves right, remedies, or obligations which it does not have or involve, or which are prohibited by law.

Id. § 1770(a) (5), (9), (13), (14).

Comcast argues that Plaintiff's CLRA claim fails as a matter of law for three reasons: (1) Comcast adequately disclosed the equipment charges in the Services Agreement; (2) no reasonable consumer would have been misled by Comcast's representations; and (3) Plaintiff has not alleged his claim with sufficient particularity under Federal Rule of Civil Procedure 9(b). Def.'s Mot. at 6. The Court discusses these arguments in turn.

#### 1. Disclosure

Comcast argues that the equipment fees at issue were adequately disclosed and authorized by Plaintiff in the Services Agreement, and therefore, his CLRA claim should be dismissed with prejudice. Def.'s Mot. at 6-7, 15. This contention lacks merit. The FAC

does not allege that Comcast acted inconsistently with the terms of the Service Agreement; rather, it alleges that Comcast made misrepresentations in its "marketing program" regarding the cost of the services being offered. FAC ¶¶ 27-30.[2] Thus, even if the modem fees were disclosed in writing, a CLRA claim nonetheless may be predicated on collateral misrepresentations made in the course of entering into the contract. "By its very language, subdivision (a)(14) of section 1770 contemplates the existence of collateral oral promises, representations or agreements which may be inconsistent with the rights, remedies, or obligations set out in a written contract; the [CLRA] makes such misrepresentations unlawful." Wang v. Massey Chevrolet, 97 Cal. App. 4th 856, 870 (2002) (holding that plaintiffs may state a CLRA claim based on deceptive sales practices, even if defendant made a full disclosure of the lease terms in a written agreement signed by plaintiffs); Horne v. Harley-Davidson, Inc., 660 F. Supp. 2d 1152, 1159-60 (2009) (rejecting defendant's argument that its compliance with a motorcycle service agreement precluded CLRA claim). As such, unfair and deceptive prior or contemporaneous representations can be actionable under the CLRA, despite the disclosure of information in subsequent a writing signed by the plaintiff.

Notably, the legal authorities relied upon by Comcast in its motion recognize that various consumer protection claims can be predicated on collateral representations that differ from contractual language. See Janda v. T-Mobile USA, Inc., 378 F. Appx. 705, 707 (9th Cir. 2010) (affirming dismissal of UCL, FAL and CLRA claims based on unambiguous disclosure in Service Agreement, noting that "Plaintiffs do not identify any particular promotional brochures or in-store advertising that is allegedly deceptive[.]");

---

[2] Plaintiff additionally argues for the first time in his opposition that the disclosures in Comcast's Service Agreement are deceptive, and therefore inadequate. Pl.'s Opp'n at 5-7. That matter is not pled in the Complaint, which fails even to acknowledge the existence of the Service Agreement. See FAC. As such, this claim is not properly before the Court. See Schneider v. Calif. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir.1998) ("'new' allegations contained in the [plaintiff]'s opposition [to the] motion, however, are irrelevant for Rule 12(b)(6) purposes."). Plaintiff's reliance on cases such as Schnall v. The Hertz Corp., 78 Cal. App. 4th 1144, 1167 (2000), which address deception in the *manner* of disclosure (i.e. disclosure in secondary documents or obscured fine print), is therefore misplaced.

Lowden v. T-Mobile USA Inc., 378 Fed.Appx. 693, 695 (9th Cir. 2010) (dismissing Washington CPA claim based on unambiguous disclosure in Service Agreement where "[a]t no point does the complaint explain how any particular pre-sale advertising might have 'induce[d] contract through deception[.]'"). Those cases do not stand for the proposition that disclosures in a Service Agreement necessarily preclude consumer protection claims related to pre-sale advertising.

### 2. Deception

Comcast next argues that Plaintiff's CLRA claim fails as a matter of law on the ground that no reasonable consumer would have been misled by Comcast's alleged actions. Def.'s Mot. at 9, 15. Claims made under California consumer protection statues, including the CLRA, UCL and FAL—are governed by the "reasonable consumer" test, which focuses on whether "members of the public are likely to be deceived." Williams v. Gerber Prods. Co., 522 F.3d 934, 938 (9th Cir. 2009) (citing Freeman v. Time, Inc., 68 F.3d 285, 289 (9th Cir. 1995)). "The question of whether a business practice is deceptive generally presents a question of fact not suited for resolution on a motion to dismiss. Werberl ex rel. v. Pepsico, Inc., No. C 09-04456 SBA, 2010 WL 2673860, at *3 (N.D. Cal. July 2, 2010) (citing Williams, 552 F.3d at 938). It is true that, "in certain instances, the court may be in a position to consider the viability of the alleged consumer law claims based on its review of the product packaging." Werberl, 2010 WL 2673860, at *3 (citing Brockey v. Moore, 107 Cal.App.4th 86, 100 (2003). However, Defendant has not shown that such a determination may be made at this juncture.

As noted, Plaintiff's CLRA claim is based on a Comcast's "marketing program," which allegedly failed to disclose the disputed equipment fees. FAC ¶¶ 28-29. The marketing efforts referenced by Plaintiff include advertisements and telephone conversations with Comcast representatives. Id. ¶ 10. In particular, Plaintiff alleges he was quoted a flat rate for bundled services, and was not informed of the equipment fees at issue. Whether Comcast's representations and advertisements were likely to deceive the public is a question of fact not suitable for resolution on a motion to dismiss. Cf. Horne, 660 F.

Supp. 2d at 1162 (where defendant misrepresented or failed to disclose certain fees in its advertising, court held that whether "the representations concerning [those fees] was likely to mislead the public is a question better suited to resolution on summary judgment."). Therefore, the Court declines to find that Comcast's alleged actions were not misleading, as a matter of law, at this juncture.

### 3. Particularity

Next, Comcast maintains that Plaintiff's CLRA claim fails to meet the particularity requirements of Rule 9(b). When fraud is alleged, plaintiff must plead with particularity the circumstances constituting fraud, while conditions of the mind, such as knowledge and intent, may be alleged generally. Fed. R. Civ. P. 9(b). To comport with Rule 9(b), the complaint must allege "the who, what, when, where, and how" of the alleged fraudulent conduct, Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997), and "set forth an explanation as to why the statement or omission complained of was false or misleading," In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc).

Plaintiff does not dispute that his claims sound in fraud, but insists that he has provided sufficient detail to satisfy the heightened pleading requirements of Rule 9(b). The Court disagrees. Where consumer fraud claims are involved, "plaintiff must describe the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information." Marolda, 672 F. Supp. 2d at 1002. Here, Plaintiff's recitation of the facts underlying his claims is presented in three tersely-worded paragraphs in the FAC. FAC ¶¶ 10-12. Plaintiff claims that he "contacted Comcast" between August 11 and August 20 to purchase cable television service, and that such inquiry was made after "seeing Comcast advertisements for bundled packages." In the course of multiple telephone conversations with unidentified Comcast representatives, Plaintiff purportedly received "numerous offers for monthly services." Finally, Plaintiff avers that, "[he] was informed that he would receive the service . . . at a flat rate," and was not informed that he

1  would be charged "for a modem rental, or a modem lease."  FAC ¶ 10.  While Plaintiff
2  provides no additional facts, vague references are made to Comcast's "marketing program."
3  FAC ¶ 28.
4      The facts alleged fail to pass muster under the heightened pleading requirements of
5  Rule 9(b).  The FAC fails to specify when or where Comcast advertisements were viewed,
6  the content of those advertisements, or which of them in particular Plaintiff relied upon.
7  The FAC also neglects to indicate whether the ads were viewed in print, on television,
8  online, or elsewhere.  Regarding the telephone calls that took place sometime within a ten-
9  day time-span, Plaintiff fails to allege any particular facts regarding those calls.  Moreover,
10 while Plaintiff alleges that various offers were made to him over the telephone, the terms of
11 the particular offer Plaintiff purports to have accepted are not alleged.  In short, the
12 pleadings do not provide the requisite level of detail to satisfy Rule 9(b).  Comcast's motion
13 to dismiss is therefore granted.  Because this deficiency may be cured upon the allegation
14 of additional facts, said dismissal is with leave to amend.

15      **B.    UNFAIR COMPETITION LAW & FALSE ADVERTISING LAW**

16      Plaintiff's second and third claims allege violations of the UCL and FAL,
17 respectively.  The UCL makes actionable any "unlawful, unfair or fraudulent business act
18 or practice."  Cal. Bus. & Prof. Code § 17200.  The FAL makes it unlawful to make or
19 disseminate any statement concerning property or services that is "untrue or misleading…."
20 Cal. Bus. & Prof. Code § 17500.  Comcast's arguments for dismissal of Plaintiff's UCL
21 and FAL claims are identical to those in support of dismissing the CLRA claim.
22      As with the CLRA, the disclosure of information in a written document is not a per
23 se bar to UCL and FAL claims.  See Wang, 97 Cal.App.4th at 871; Horne, 660 F.Supp.2d
24 at 1161-1162; Duncan v. McCaffrey Group, Inc., 200 Cal. App. 4th 346, 368 (2011).
25 Additionally, the UCL and FAL are governed by the reasonable consumer standard, and the
26 question of whether Comcast's representations were likely to deceive the public is not
27 properly resolved here on a motion to dismiss.  See Werberl, 2010 WL 2673860, at *3;
28

1  Horne, 660 F. Supp. 2d at 1162. Thus, Comcast's arguments for dismissal of the UCL and
2  FAL claims on those grounds are similarly unavailing.
3        The above notwithstanding, Plaintiff's UCL and FAL claims are "grounded in
4  fraud" and therefore must be pled with specificity. Kearns, 567 F.3d at 1126. As discussed
5  above, the FAC fails to provide the detail required to satisfy Rule 9(b). The inadequacy of
6  the pleading vitiates all claims based on the alleged nondisclosure of equipment fees,
7  including claims under the UCL and FAL. Therefore, Comcast's motion to dismiss is
8  granted, and Plaintiff's UCL and FAL claims are dismissed with leave to amend.
9      **C. FRAUD**
10       Plaintiff's fourth claim alleges common law fraud. Comcast's motion to dismiss
11 fails to specifically address this claim. However, as set forth above, the failure to satisfy
12 the pleading requirements of Rule 9(b) vitiates all claims based on the alleged
13 nondisclosure of equipment fees, including the common law fraud claim. Therefore,
14 Plaintiff's fraud claim is dismissed with leave to amend.
15     **D. UNJUST ENRICHMENT**
16       Plaintiff's fifth claim alleges a claim for unjust enrichment. This Court has
17 previously found that there is no independent claim for unjust enrichment. Newsom v.
18 Countrywide Home Loans, Inc., 714 F. Supp. 2d 1000, 1009-1010 (N.D. Cal. 2010). In
19 any event, unjust enrichment is synonymous with restitution, id., which is an available
20 remedy under the UCL, FAL and CLRA. Pfizer Inc. v. Super. Ct., 182 Cal. App. 4th 622,
21 631 (2010); Colgan v. Leatherman Tool Group, Inc., 135 Cal. App. 4th 663, 694 (2006).
22 As such, Plaintiff's claim for unjust enrichment—to the extent such a claim exists—is
23 superfluous. See In re Apple and AT & T iPad Unlimited Data Plan Litig., -- F. Supp. 2d -
24 -, 2011 WL 2847418, at *6 (N.D. Cal. July 18, 2011) ("plaintiffs cannot assert unjust
25 enrichment claims that are merely duplicative of statutory or tort claims.") (citing cases).
26 The Court therefore grants Defendant's motion and dismisses Plaintiff's unjust enrichment
27 claim with prejudice.
28

E.  **WASHINGTON CONSUMER PROTECTION ACT**

Comcast moves to dismiss Plaintiff's claim under the Washington CPA for lack of standing.  Plaintiff responds by voluntarily dismissing said claim, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.  See Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 687-688 (9th Cir. 2005).  The Court therefore grants Plaintiff's request to dismiss this claim and denies Defendant's motion to dismiss as moot.

IV.  **CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1.   Defendant's Motion to Dismiss is GRANTED with respect to Plaintiff's CLRA, UCL, FAL, fraud and unjust enrichment claims.  In light of Plaintiff's voluntary dismissal of his Washington CPA claim, Defendant's motion to dismiss said claim is DENIED AS MOOT.

2.   Plaintiff is granted leave to amend his claims under the CLRA, UCL, FAL and for fraud.  Plaintiff shall have twenty-one (21) days from the date this Order is filed to file a Second Amended Complaint.  The failure to do so will result in the dismissal of the action with prejudice.

3.   The parties shall appear for a **telephonic** Case Management Conference on **February 22, 2012 at 3:30 p.m.**  Prior to the date scheduled for the conference, the parties shall meet and confer and prepare a joint Case Management Conference Statement which complies with the Standing Order for All Judges of the Northern District of California and the Standing Orders of this Court.  Plaintiff shall assume responsibility for filing the joint statement no less than seven (7) days prior to the conference date.  Plaintiff's counsel is to set up the conference call with all the parties on the line and call chambers at (510) 637-3559. NO PARTY SHALL CONTACT CHAMBERS DIRECTLY WITHOUT PRIOR AUTHORIZATION OF THE COURT.

4.   This Order terminates Docket 15.

IT IS SO ORDERED.

Dated: January 9, 2012

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge