1   MICHAEL J. STORTZ (SBN #139386)          BRIAN R. STRANGE (SBN 103252)
    michael.stortz@dbr.com                    lacounsel@earthlink.net
2   DRINKER BIDDLE & REATH LLP                GRETCHEN CARPENTER (SBN 180525)
    50 Fremont Street, 20th Floor             gcarpenter@strangeandcarpenter.com
3   San Francisco, CA  94105-2235            JOHN P. KRISTENSEN (SBN 224132).
    Telephone:     (415) 591-7500            jkristensen@strangeandcarpenter.com
4   Facsimile:     (415) 591-7510            STRANGE & CARPENTER
                                              12100 Wilshire Blvd., 19th Floor
5   Attorneys for Defendant                   Los Angeles, CA 90025
    COMCAST CORPORATION                       Telephone:  (310) 207-5055
6                                             Facsimile:   (310) 826-3210

7                                             Attorneys for Plaintiff
                                              ATHANASSIOS DIACAKIS
8
9   SEAMUS C. DUFFY
    seamus.duffy@dbr.com
10  MICHAEL W. MCTIGUE JR.
    michael.mctigue@dbr.com
11  MICHAEL P. DALY
    michael.daly@dbr.com
12  TARA S. SAROSIEK
    tara.sarosiek@dbr.com
13  DRINKER BIDDLE & REATH LLP
    One Logan Square, Ste. 2000
14  Philadelphia, PA  19103-6996
    Telephone:     (215) 988-2700
15  Facsimile:     (215) 988-2757

16  *Of Counsel* for Defendant
    COMCAST CORPORATION
17
18                      UNITED STATES DISTRICT COURT

19                     NORTHERN DISTRICT OF CALIFORNIA

20                            OAKLAND DIVISION

21
    ATHANASSIOS DIACAKIS, individually      Case No. 11-cv-3002 SBA
22  and on behalf of all others similarly
    situated,                               **CLASS ACTION**
23
                    Plaintiff,              **JOINT CASE MANAGEMENT
24                                          CONFERENCE STATEMENT AND RULE
           v.                               26(f) REPORT**
25
    COMCAST CORPORATION; and DOES           Date:  May 15, 2012
26  1-10, inclusive,                        Time:  1:00 p.m.
                                            Courtroom:  1
27                  Defendants.

28

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16-9, Plaintiff Athanassios Diacakis (hereinafter "Plaintiff") and Defendant Comcast Corporation (hereinafter "Defendant" or "Comcast") submit the following Statement for purpose of the Case Management Conference scheduled for the above-referenced date and time.

**1.      Jurisdiction and Service**

Defendant removed this case based on its allegation that the Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332(d)(2).  The parties agree that no disputes exist in this action as to personal jurisdiction, venue or service.

However, Plaintiff served discovery to learn whether any Comcast subsidiaries based in California were involved in the issues at hand.  Defendant provided responses.  Plaintiff is reviewing to see if any of the telephone representatives were employed by a California Comcast subsidiary.  Defendant notes that additional California-based defendants, if any, will not alter the Court's jurisdiction over the subject matter of this action.  28 U.S.C. Section 1332(c)(2)(A) confers such jurisdiction so long as "any member of a class of plaintiffs is a citizen of a State different from *any* defendant."  (Emphasis added.)  It is uncontested that Plaintiff is a citizen of a State different from Comcast.

**2.      Factual Issues.**

**Plaintiff's Statement:**

Plaintiff, a California resident, brings this class action on behalf of himself and others who purchased a bundled package, consisting of internet, cable television and/or telephone service from Defendant, and who were subsequently charged additional rental or lease fees for equipment outside of and in addition to the bundled rate.  Plaintiff alleges that Defendant informed him that he would receive the bundled package service for digital cable, telephone service and/or internet access at a specific rate and that, at no time did Defendant inform him that he would be charged an additional charge for a modem rental, or a modem lease, but that Defendant did in fact impose such a charge.

Specifically, Mr. Diacakis spoke with Comcast representatives to order high speed

1   internet service with high definition television services.  Plaintiff had seen Comcast's advertising

2   for its Triple Play package.  On three separate occasions in August 2010, Plaintiff contacted

3   Comcast and asked how much certain packages would cost.  He asked the Comcast

4   representatives if there would be any additional charges.  Two of the representatives explained

5   there would be an installation fee and nothing more.  Plaintiff ordered a package including HBO

6   and the Speed Channel (which cost an additional $9.99 and $6.95 a month, respectively).  At no

7   time did any of the three Comcast representatives inform Mr. Diacakis that there would be a

8   charge for the modem fee for the high speed internet service.  Plaintiff alleges that this is because

9   Comcast had a common policy to not inform customers inquiring about the price of the Triple

10   Pay package that there would be an equipment fee/lease.  Despite having been quoted specific

11   prices for his monthly bundled service, including the installation fee, Comcast began charging

12   Plaintiff an additional modem/fee lease of up to $10.00 a month.

13       Plaintiff and putative class members were charged for modem fees and modem leases

14   outside and in excess of the bundled services.  Plaintiff contends that Comcast never informed

15   him, either at the time he purchased Comcast's services or subsequently, that he would be

16   charged modem lease fees or what the amount of such "fees" would be.

17       Plaintiff's claims are common to the class.  Comcast runs a common scheme where it fails

18   to inform its customers that their bundled services include additional charges for modem and

19   equipment fees.  Comcast's practice is to tell consumers a lower price then they will actually be

20   charged.  Each of the three Comcast representatives followed this common policy and practice in

21   failing to inform Plaintiff that he would be charged an additional modem fee, then tacking it onto

22   his bills.

23       **Defendant's Statement:**

24       Contrary to his suggestions above, Plaintiff has failed to state any claim arising out of

25   Comcast's advertising.  As the Court ruled in granting Defendant's Motion to Dismiss, Plaintiff's

26   First Amended Complaint ("FAC") "fails to specify when or where Comcast advertisements were

27   viewed [by Plaintiff], the content of those advertisements, or which of them in particular Plaintiff

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

relied upon." 1/9/12 Order on Motion to Dismiss ("MTD Order") (D.E. 39) at 8:5-6.  While the Court granted Plaintiff leave to amend to allege such facts if he could, Plaintiff has not done so in his Second Amended Complaint ("SAC").  Like its predecessors, Plaintiff's SAC fails to specify any advertisements allegedly viewed by Plaintiff or the content of those advertisements, much less which of them in particular Plaintiff relied upon.  Indeed, the newly added allegations of the SAC contain not a single reference to Comcast advertising, much less specific factual allegations as outlined by the Court in granting leave to amend.

Nor has Plaintiff asserted in his SAC any claim challenging the disclosures in Comcast's Service Agreement regarding equipment charges.  Again, in dismissing Plaintiff's FAC, the Court pointed out that Plaintiff "fail[ed] even to acknowledge the existence of the Service Agreement," much less allege that such Agreement was somehow deceptive.  *See* MTD Order at 5 & n. 2; *see also id.* at 2 & n.1 (Plaintiff "makes absolutely no reference therein to the Service Agreement"). That is not surprising, as the Service Agreement contains a specific disclosure regarding equipment charges on its very first page.  Rather than acknowledge this disclosure, Plaintiffs' SAC again steers well clear of any reference to the Service Agreement.

Instead of responding to the guidance provided by the Court in granting leave to amend, Plaintiff instead presents only additional allegations regarding his unique experience in placing telephone calls in August 2010 to three different Comcast representatives – one unidentified, the others identified only as "Heather" and "Steve."  SAC ¶¶ 10-11.  Even as to these telephone conversations, Plaintiff does not identify any specific statement by any representative that Plaintiff would not incur equipment charges.  Instead, Plaintiff alleges only that – as far as he can recall – he was not "informed there would additional charges" for modem rental or lease.  SAC ¶ 13.

From these allegations – which Plaintiff otherwise concedes are specific to his own recollection of speaking with these three representatives – Plaintiff purports to sue on behalf of a class of all California customers who ever at any time purchased bundled service from Comcast and incurred equipment charges.  SAC ¶ 16.  Plaintiff's SAC contains no allegation sufficient to

state a claim on his own behalf – much less any coherent explanation as to how the truth or falsity of allegations specific to his individual experience might somehow "resolve an issue that is central to the validity of each one of the claims [of class members] in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (articulating test for determining commonality under Federal Rule of Civil Procedure 23(a)).

        **3.**      **Legal Issues.**

                 **Plaintiff's Statement:**

Based on the above allegations, Plaintiff has asserted four causes of action on behalf of himself and the putative California class.  The causes of action are for violations of California's Consumers Legal Remedies Act ("CLRA"), Civil Code Section 1750, *et seq.*, the Unfair Competition Law ("UCL"), Business & Professions Code Section 17200, *et seq.*, and the False Advertising Law ("FAL"), Business & Professions Code Section 17500, *et seq.*, and Fraud.  Plaintiff claims that the primary legal issue to be decided is whether class certification is appropriate.

In addition, Defendant's motion to dismiss was denied in part and granted in part, with leave to amend.  Plaintiff filed a SAC that specifically addresses the fraudulent communications by three separate Comcast representatives to Mr. Diacakis.  Comcast nevertheless filed another motion to dismiss the SAC on February 13, 2012, which is set for hearing concurrently with this Case Management Conference.

Briefly, Plaintiff's position includes the following:

        •       Comcast's conduct in telling Plaintiff, on three separate occasions, that he would be charged a certain amount each month for his package, and failing to disclose the modem fee/lease charge, and then tacking on additional charges that were not initially disclosed and were subsequently deceptively hidden in referring documents supports all of Plaintiff's California causes of action.  California courts applying California law have specifically forbidden such conduct.  *See, e.g.*, *Schnall v. The Hertz Corp.*, 78 Cal.App.4th 1144 (2000); *Troyk v. Farmers Group, Inc.*, 171 Cal.App.4th 1305 (2009).

●      Plaintiff has adequately pled his claims under Federal Rule of Civil Procedure 8 and, to the extent applicable, Rule 9(b).  The Second Amend Complaint alleviates any concerns regarding the allegations of fraud and specifically addresses the consistent practice of the three separate Comcast representatives to fraudulently omit that Plaintiff would be charged a modem fee/lease.  *See, e.g.*, *StreamCast Networks, Inc. v. IBIS LLC*, 2006 WL 5720345 (C.D. Cal.).

**Defendant's Statement:**

Defendant moves to dismiss Plaintiffs' SAC on the ground that Plaintiff has ignored the Court's prior Order granting him leave to amend, and in particular the pleading requirements under Rules 8(a) and 9(b) as confirmed by the Court.  Plaintiff's SAC fails to state a claim for relief in at least three respects:

**First**, Plaintiff has not stated any claim under the CLRA, UCL or for fraud[1] in his SAC. Plaintiff has not, as the Court directed, specified "when or where Comcast's advertisements were viewed [by him], the content of those advertisements, or which of them in particular Plaintiff relied upon."  MTD Order at 8.  He has simply repeated verbatim the prior "vague references . . . to Comcast's 'marketing program.'" (*ibid*.) that the Court previously held to be insufficient to state a claim for relief.

**Second**, Plaintiff has not alleged any facts showing an actionable representation or omission on the part of Comcast.  Like its predecessors, the SAC contains no allegation as to any representation regarding equipment charges, either oral or written, made by Comcast to Plaintiff, much less any purported misrepresentation made to all members of the putative class.  As for any purported "omission" theory, Plaintiff previously acknowledged his receipt of the Comcast Service Agreement, which provides on its first page that Plaintiff agreed to pay equipment charges in addition to charges for service.  Plaintiff's SAC does not challenge this Agreement as somehow inadequate.  Accordingly, the cases Plaintiff cites above are inapposite, as the Court

---

[1] The Court dismissed Plaintiff's fifth claim for unjust enrichment with prejudice.  See MTD Order at 9:16-27.

explained in dismissing the previous iteration of Plaintiff's Complaint.  *See* MTD Order at 5 &

n.2 (holding that "Plaintiffs' reliance on cases such as *Schnall v. Hertz* Corp.[, supra,]" is

"misplaced" based on the lack of any allegation by Plaintiff challenging the disclosures contained

in his Service Agreement).

**Third,** Plaintiff has failed to allege any conduct on the part of Comcast that would

mislead a reasonable consumer.  Charging for bundled services as well as equipment charges,

when specifically permitted by the parties' contract, is neither deceptive nor unreasonable, as a

matter of law.

### 4.     Anticipated Motions

Plaintiff intends to bring a motion for class certification (discussed below at Paragraphs 9

and 21).  Plaintiff intends to assess any additional motions he may file at a later stage of the case.

Defendant has moved to dismiss Plaintiff's SAC, pursuant to Rule 12(b)(6).  Defendant's

Motion to Dismiss is set for hearing on May 15, 2012.

### 5.     Amendment of Pleadings

Unless Plaintiff is granted leave to amend in connection with the Court's ruling on

Defendant's motion to dismiss the SAC, Plaintiff does not currently plan to amend his complaint,

but reserves the right to do so at a later stage of this case.

### 6.     Evidence Preservation

Defendant represents that it has taken and will take reasonable steps to preserve evidence

relevant to Plaintiff's claims.  The parties will discuss this issue further as appropriate.  Plaintiff

has also requested further information about Defendant's records relating to recorded telephone

calls.

### 7.     Disclosures

Pursuant to the Court's initial scheduling order, the parties exchanged initial disclosures.

Comcast's initial disclosures, which Plaintiff received on September 26, 2011, failed to identify

any individual witnesses besides Plaintiff.  Specifically, Comcast stated:

> Defendant is unable to identify persons within this category, other than named
> Plaintiff himself, with information relevant to Plaintiff's claims.  Defendant

1    therefore reserves the right to supplement these disclosures upon receiving specific
2    information concerning Plaintiff's claims.

3         Concerned about Comcast's lack of disclosures, Plaintiff had previously sent an

4    interrogatory on September 14, 2011 seeking the names of all Comcast employees who

5    communicated with Plaintiff.  Plaintiff followed up with Comcast in writing about this issue on

6    October 21, 2011.   Comcast has finally informed Plaintiff's counsel that it has determined who

7    one of these Comcast employees, "Steve," is, but it has not provided the other two witnesses'

8    identities, despite the fact that Plaintiff has provided the dates and approximate times he spoke

9    with both "Heather" and "X," and despite the fact that "X" was the employee who actually took

10   Plaintiff's order.  The parties are working to schedule a deposition of "Steve."  However, Plaintiff

11   wants to confirm, before the deposition, that he possesses in a verified format all of the employee

12   policies and procedures/manuals and telephone scripts that applied.

13        Plaintiff has complied with Rule 26(a)(1)(A)(ii) and described by category documents he

14   may use.  Notably, Comcast has not served a single document demand or other discovery.

15        **8.    Discovery**

16        <u>Plaintiff's Discovery</u>.  On September 14, 2011, Plaintiff propounded initial written

17   discovery, including one set of document demands and one set of interrogatories, focusing on

18   class certification requirements.  Plaintiff propounded an additional interrogatory on September

19   15, 2011 specific to his individual claim.

20        Plaintiff has issues with Comcast failing to provide specific areas of discovery: (1) the

21   scripts, manuals and policies and procedures in effect when Comcast representatives sell the

22   bundled packages to consumers; (2) Comcast's customer complaints regarding equipment or

23   modem fees; and (3) Plaintiff has requested that Comcast identify Steve, Heather and the third

24   Comcast representative who spoke with Mr. Diacakis so that Plaintiff may depose the three

25   representatives who all failed to inform Plaintiff of the modem fees, despite being asked for all

26   monthly charges.

27        Plaintiff is hopeful, but not confident, that these issues can be resolved without further

28

Court intervention.  Unfortunately, Comcast's actions to date provide little comfort that can be achieved.  Plaintiff filed a Motion to Compel in November 2011, in part, requesting customer complaints of modem and equipment fees.  In early December, 2011 the parties were ordered to Magistrate Judge Spero's courtroom.  At that time, the parties agreed that Comcast would provide supplemental responses to the requests seeking customer complaints, along with the actual customer complaints.  Comcast was to provide those customer complaints by January 20, 2012.

Plaintiff was forced to file a second motion with Judge Spero on the issue.  On May 2, 2012, Magistrate Judge Spero ordered Comcast to produce, by June 1, 2012, the customer complaints from Service Package Customers who complained about equipment fees when none were due.  The documents are to be redacted, without prejudice to Plaintiff later seeking the identity and contact information of the witnesses.

Defendant has produced documents specific to named Plaintiff's Comcast account dating back to his initiation of service with Comcast in January, 2008.  However, Defendant's ability to respond to discovery has been limited by Plaintiff's prior Complaint, which limited any factual information to "three tersely-worded paragraphs," as well as Plaintiff's refusal to provide any of his notes or other materials referenced in his Initial Disclosures.  Plaintiff's pending Second Amended Complaint has not alleviated these problems, as Plaintiff has done little more than identify by first name two of the three representatives he recalls having spoken to in August 2010.

Even so, and notwithstanding its pending Motion to Dismiss, Defendant is attempting to obtain adequate information from Plaintiff so that it can provide, where possible, further responses to Plaintiff's discovery requests.

Defendant's Discovery.

Defendant believes that discovery is not appropriate until such time as Plaintiff is able to state a claim for relief that complies with the Federal Rules of Civil Procedure.  *See Aschcroft v. Iqbal*, 129 S.Ct. 1937, 1954 (2009) (rejecting discovery, "cabined or otherwise," until such time as plaintiff is able to state claim for relief).  Even so, Defendant has engaged and will engage in meet and confer with Plaintiff regarding disclosures and discovery as may be appropriate pending

resolution of its Motion to Dismiss.

**9. Class Actions**

Assuming he timely obtains necessary discovery, Plaintiff anticipates filing his motion for class certification approximately 90 days from the filing of Defendant's Answer. Assuming that Defendant's motion to dismiss the SAC is decided in mid-to-late May 2012, Plaintiff estimates at this time, that late August or early September 2012 appears to be a realistic estimate for filing the motion.

**10. Related Cases**

The parties are unaware of any related cases.

**11. Relief**

Plaintiff seeks damages, special damages, restitution, disgorgement, injunctive relief, attorneys' fees, and costs. The precise amount of recovery is unknown at this time. Plaintiff's discovery and investigation is ongoing, although Plaintiff intends to focus his early discovery efforts on class certification issues rather than damages. Defendant disputes any entitlement to relief.

**12. Settlement and ADR**

The parties believe that settlement and ADR is premature at this stage of this putative class action.

**13. Consent to Magistrate Judge For All Purposes**

Defendant has declined to consent to a magistrate judge.

**14. Other References**

The parties agree that this action is not suitable for reference of this action to a special master or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

The parties have discussed potential narrowing of issues, but believe that agreement in that regard is premature at this time.

16.   **Expedited Schedule**

The parties agree that expedited scheduling is inappropriate in this action.

17.   **Scheduling**

As set forth above, Plaintiff anticipates filing his motion for class certification approximately 90 days after the case is at issue.  Plaintiff believes that further deadlines should be set after class certification and notice, but that a target trial date of approximately 18 months after this case is at issue is appropriate.

18.   **Trial**

Jury trial is demanded.  Defendant believes that it is premature to provide a trial estimate. Plaintiff estimates that the length of trial will be 10 court days.

19.   **Disclosure of Non-party Interested Entities or Persons**

Plaintiff's Position

Plaintiff filed his Certification of Interested Entities or Persons on June 24, 2011, identifying the following: all persons and entities in the State of California who purchased a bundled package, including but not limited to the Triple Play package, consisting of internet, cable television and/or telephone service from Defendant Comcast Corporation, and who were subsequently charged additional rental or lease fees for equipment outside of and in addition to the bundled rate.

Defendant's Position

Defendant filed its Certification of Interested Entities or Persons on June 17, 2011.  There are no interested entities or persons other than the named parties.

20.   **Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

None are identified at this time.

21.   **Plaintiff's statement pursuant to Local Rule 16-9(b).**

1.   **The specific paragraphs of Fed. R. Civ. P. 23 under which the action is maintainable as a class action.**

This action is maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3), or, alternatively, under Fed. R. Civ. P. 23(a) and (b)(2) or (b)(1).

**2.   A description of the class or classes in whose behalf the action is brought.**

The class includes all persons in the State of California who purchased a bundled internet, cable television and/or telephone service package from Defendant, and who were subsequently charged additional rental or lease fees for equipment outside of and in addition to the bundled rate.

**3.   Facts showing that the party is entitled to maintain the action under Fed. R. Civ. P. 23(a) and (b).**

While Plaintiff has not yet had the opportunity to obtain most of his class certification discovery, the following facts, among others, show that Plaintiff is entitled to maintain the action under Fed. R. Civ. P. 23(a) and (b)(3).

Numerosity:  The proposed Class is so numerous that individual joinder of all members is impracticable.  In its Notice of Removal, Defendant alleged that, as of May 2011, it had thousands of residential subscribers falling within the definition of the class and that the amount in controversy exceeds $5,000,000.  Numerosity is easily met.

Commonality and Predominance:  There are many questions of law and fact common to the Class, and those questions predominate over any questions that may affect individual Class members.  Common questions of fact and law include, but are not limited to, the following:

(a)     Whether Defendant's representations regarding the costs of its internet, cable television and/or telephone services are accurate;

(b)     Whether Defendant's representations regarding the costs of its internet, cable television and/or telephone services are misleading;

(c)     Whether Defendant knew that its representations about its internet, cable television and/or telephone services were false and misleading;

(d)     Whether Defendant's conduct described herein violated the statutes and laws alleged herein; and

(e)     Whether Defendant had a common practice among its sales representatives to fail to disclose to California residents that they would also be charged for modem/equipment fees.

1

2          Typicality:  Plaintiff's claims are typical of the claims of the members of the Class.  As

3   described in the SAC, Plaintiff was subject to the same common course of conduct by Defendant

4   as all other Class members.

           Adequacy of Representation:  Plaintiff will fairly and adequately represent and protect the
5
    interests of the Class.  Plaintiff has retained counsel with substantial experience in handling
6
    complex class action litigation.  Plaintiff and his counsel are committed to prosecuting this action
7
    vigorously on behalf of the Class and have the financial resources to do so.
8
           Superiority of Class Action:  A class action is superior to other available methods for the
9
    fair and efficient adjudication of the present controversy.  Class members have little interest in
10
    individually controlling the prosecution of separate actions because the individual damage claims
11
    of each Class member are not substantial enough to warrant individual filings.  In sum, for many,
12
    if not most, Class members, a class action is the only feasible mechanism that will allow them an
13
    opportunity for legal redress and justice.  Plaintiff is unaware of any litigation concerning the
14
    present controversy already commenced by members of the Class.  The conduct of this action as a
15
    class action in this forum, with respect to some or all of the issues presented herein, presents
16
    fewer management difficulties, conserves the resources of the parties and of the court system, and
17
    protects the rights of each Class member.
18
    ///
19
    ///
20
    ///
21
    ///
22
    ///
23
    ///
24
    ///
25
    ///
26
    ///
27
    ///
28

**4.   A proposed date for the Court to consider whether the case can be maintained as a class action.**

Assuming he timely obtains necessary discovery, Plaintiff anticipates filing his motion for class certification approximately 90 days from filing of Defendant's Answer.  As stated above, Plaintiff is hopeful any discovery disputes can be resolved and the motion for class certification can be filed in or about late August or early September 2012.


Dated: May 6, 2012                                          DRINKER BIDDLE & REATH LLP


                                                            By:_____/s/_____
                                                               Michael J. Stortz

                                                            Attorneys for Defendant
                                                            COMCAST CORPORATION


Dated: May 6, 2012                                          STRANGE & CARPENTER


                                                            By:_____/s/_____
                                                               John P. Kristensen

                                                            Attorneys for Plaintiff

### Attestation Pursuant to General Order 45

Pursuant to General Order No. 45, Section X(B), I, John P. Kristensen, hereby attest that I have obtained concurrence in the filing of this document from the other signatory to this document.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.  Executed on May 6, 2012, at Los Angeles, California.


                                                   By:_____/s/_____
                                                      John P. Kristensen