1
2
3
4
5
6
UNITED STATES DISTRICT COURT
7
FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
OAKLAND DIVISION
9

| | |
|---|---|
| 10 ATHANASSIOS DIACAKIS, individually and on behalf of all others similarly situated, | No:  C 11-3002 SBA |
| 11 Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| 12 vs. | |
| 13 COMCAST CORPORATION, and DOES 1-10, inclusive, | Dkt. 42 |
| 14 | |
| 15 Defendants. | |

16

17      Plaintiff Athanassios Diacakis ("Plaintiff"), individually and on behalf of all others

18 similarly situated, filed the instant putative class action against Defendant Comcast

19 Corporation ("Comcast"), alleging that it violated various California consumer protection

20 statutes by fraudulently marketing and selling service plans without disclosing associated

21 equipment fees.  The parties are presently before the Court on Defendant's Motion to

22 Dismiss Second Amended Complaint, pursuant to Federal Rule of Civil Procedure

23 12(b)(6).  Dkt. 15.  Having read and considered the papers filed in connection with this

24 matter and being fully informed, the Court hereby DENIES the motion for the reasons set

25 forth below.  The Court, in its discretion, finds this matter suitable for resolution without

26 oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

27
28

I. **BACKGROUND**

    A.   FACTUAL SUMMARY

The parties are familiar with the facts of this case, which are summarized herein only to the extent they are pertinent to the instant motion.  Comcast provides cable television, broadband internet, and telephone service to residential and commercial customers.  From August 11 to 20, 2011, Plaintiff contacted Comcast in response to advertisements for bundled packages (i.e., internet, cable television and telephone services offered for a single price).  Id. ¶ 10.  On August 11, 2011, Plaintiff spoke to a customer service representative, who identified herself as "Heather," and who informed him about various plans, all of which he found too expensive.  Id.  She then indicated that Comcast was offering a "Triple Play" package for $99.00 per month, and indicated that there were additional charges for DVR service, HBO and for the Speed channel.  Id.  Plaintiff declined to order any services at that time, however.  Id.

On August 20, 2010, Plaintiff made a second call to Comcast and spoke to a representative named "Steve."  Id. ¶ 11.  Plaintiff again asked about the pricing for the Triple Play bundle.  Id.  Like Heather, Steve informed Plaintiff that the base rate for the package was $99.00 per month, plus an additional monthly charge of 9.99 for HBO and $6.95 for the Speed channel.  Id.  Plaintiff asked if there were any additional charges.  Id.  The representative responded only that the $99.00 per month rate was an introductory rate.  Id.  When pressed further, the representative stated that there was a $25.00 installation charge.  Id.  Nonetheless, he made no mention of an additional charge for renting or leasing a modem (which is used to facilitate Comcast's services).  Id.  Though Plaintiff did not order any services at that time, he called back later that day and spoke with a different representative and ordered the Triple Play package.  Id. ¶ 12.

On August 25, 2010, Comcast installed its services at Plaintiff's residence.  Id. ¶ 13.  Thereafter, Plaintiff began receiving invoices which included a previously-undisclosed monthly modem fee of $10 and modem lease charge of $5.  Id.

**B.**   **PROCEDURAL HISTORY**

On May 13, 2011, Plaintiff filed a class action complaint against Comcast in the San Francisco County Superior Court.  Notice of Removal ¶ 3, Dkt. 1.  On June 17, 2011, Comcast removed the action to this Court under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  Dkt. 1.

On June 24, 2011, Plaintiff filed a First Amended Complaint ("FAC") against Comcast alleging six state law causes of action for:  (1) violation of California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq. ("CLRA"); (2) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL"); (3) violation of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq. ("FAL"); (4) fraud and deceit; (5) unjust enrichment; and (6) violation of Washington's Consumer Protection Act, RCW 19.68 et seq. ("CPA").

On August 8, 2011, Comcast filed a motion to dismiss the FAC.  Dkt. 15.  On January 9, 2012, the Court issued its ruling on the motion.  1/9/12 Order, Dkt. 39.  With respect to Plaintiff's claims under the CLRA, UCL and FAL (all of which are California consumer protection statutes), the Court rejected Comcast's arguments that disclosures contained in its Service Agreement insulated it from liability.  Id. at 6.  The Court likewise rejected Comcast's contention that its alleged actions were not misleading as a matter of law.  Id. at 6-7.  However, the Court found that Plaintiff failed to allege Comcast's allegedly fraudulent conduct with sufficient particularity to pass muster under Federal Rule of Civil Procedure 9(b).  Id. at 7-9.  The Court granted Plaintiff leave to amend his claims under CLRA, UCL and FAL, as well as his claim for fraud.  As for the remaining claims, the Court dismissed the unjust enrichment claim with prejudice, and Plaintiff voluntarily dismissed his claim under the CPA.  Id. at 9-10.

Plaintiff filed a Second Amended Complaint ("SAC") on January 30, 2012, in which he re-alleges his claims under the CLRA, UCL and FAL and for fraud.  Dkt. 40.  Comcast now moves to dismiss the SAC on the ground that it fails to allege fraud with particularity.  In addition, Comcast repeats its previously-rejected arguments that its service agreement

1   disclosed the equipment fees, and that under the circumstances presented, no reasonable

2   consumer would have been deceived by Comcast's alleged misrepresentations.  The matter

3   has been fully briefed and is ripe for adjudication.

4   **II.      LEGAL STANDARD**

5          A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the

6   plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support

7   a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

8   1990).  In deciding a Rule 12(b)(6) motion, courts generally "consider only allegations

9   contained in the pleadings, exhibits attached to the complaint, and matters properly subject

10  to judicial notice."  Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).  The court is

11  to "accept all factual allegations in the complaint as true and construe the pleadings in the

12  light most favorable to the nonmoving party."  Outdoor Media Group, Inc. v. City of

13  Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).

14         To survive a motion to dismiss, the complaint does not require detailed factual

15  allegations, but must provide the grounds for entitlement to relief and not merely a

16  "formulaic recitation" of the elements of a cause of action.  Bell v. Atlantic Corp. v.

17  Twombly, 550 U.S. 544, 555 (2007).  Threadbare recitals of the elements of a cause of

18  action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, ---

19  U.S. ---, 129 S.Ct. 1937, 1949-50 (2009).   Rather, the pleadings must allege "enough facts

20  to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  The

21  allegations must "give the defendant fair notice of what the … claim is and the grounds

22  upon which it rests."  Id. at 555 (2007) (internal quotations and citation omitted).  Where a

23  complaint or claim is dismissed, leave to amend generally is granted, unless further

24  amendment would be futile.  Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-88 (9th Cir.

25  2002).

26

27

28

III.     **DISCUSSION**

    A.     SUFFICIENCY OF THE ALLEGATIONS

"A plaintiff alleging unfair business practices under [the UCL] must state with reasonable particularity the facts supporting the statutory elements of the violation." Khoury v. Maly's of California, Inc., 14 Cal.App.4th 612, 619 (1993).  To the extent that a UCL or other California consumer protection claim is based on "a unified course of fraudulent conduct," the pleader must also satisfy the heightened particularity requirements of Rule 9(b).  See Kearns v. Ford Motor, Co., 567 F.3d 1120, 1125 (9th Cir. 2009).  To satisfy Rule 9(b), the plaintiff must include "the who, what, when, where, and how" of the fraud.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003).  "The plaintiff must set forth what is false or misleading about a statement, and why it is false." Decker v. Glenfed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994).

    Comcast contends that Plaintiff has not rectified the deficiencies that led to the previous dismissal of his statutory and fraud claims.  The Court disagrees.  The SAC specifically alleges the dates Plaintiff contacted Comcast to obtain information regarding the cost of the Triple Play package, the names of the persons with whom he spoke, and a specification of what was false or misleading about the information they provided or failed to provide.  In particular, Plaintiff allegedly was led to believe by Comcast representatives that the Triple Play monthly fee was all inclusive (except for certain disclosed services) when, in fact, it was not.  Thus, unlike the prior pleadings, the information contained in the SAC is sufficient to afford Comcast notice of the factual basis for their claims.  See Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985) (noting that a claim for fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged

1   to constitute the fraud charged so that they can defend against the charge and not just deny

2   that they have done anything wrong").[1]

3       **B.    DUTY TO DISCLOSE**

4           Next, Comcast argues that the alleged misrepresentations of its customer services

5   representatives are not actionable ostensibly because Comcast's Service Agreement

6   disclosed the equipment fees.  Def.'s Mot. at 8-12.  This is the same argument which

7   Comcast made in its previous motion to dismiss and which the Court rejected in its Order

8   issued on January 9, 2012.  1/9/12 Order at 4-6.  As this Court previously explained, the

9   purported disclosure of equipment fees in the service agreement is not fatal to a claim under

10  the CLRA or other California consumer protection statutes where, as here, the consumer

11  was subjected to collateral misrepresentations by Comcast representatives.  Id. at 5.[2]

12  Comcast attempts to downplay the conduct of its representatives, asserting that only a

13  "few" of them "did not mention the equipment charges during [Plaintiff's] conversation

14  with them."  Def.'s Mot. at 9.  What Comcast ignores, however, is that Plaintiff specifically

15  asked the representatives whether there were any additional charges in excess of what was

16  quoted, and was told there were none.  SAC ¶ 10.

17          Comcast also makes a new argument that, prior to speaking with Comcast's

18  representatives in August 2010, Plaintiff knew that there would be an additional charge for

19  equipment, ostensibly because he was an existing customer.  Def.'s Mot. at 9-10.  In

20  support this contention, Comcast alleges that Plaintiff had signed up for Comcast service in

21  January 2008, and that his corresponding service agreement disclosed the existence of

22  _____

23          [1] Comcast also complains that Plaintiff has not specifically identified the
    advertisements in Comcast's marketing programs for its "bundled packages."  Def.'s Reply
    at 4.  Setting aside that Plaintiff's claims are not entirely dependent upon Comcast's
24  marking program, Plaintiff's allegations regarding the alleged misinformation provided by
    Comcast service representative is sufficient for Plaintiff to avoid dismissal of the action at
25  this stage of the proceedings.

26          [2] As support, the Court cited Wang v. Massey Chevrolet, 97 Cal.App.4th 856, 870
    (2002), where the California Court of Appeal held that the CLRA "contemplates the
27  existence of collateral oral promises, representations or agreements which may be
    inconsistent with the rights, remedies, or obligations set out in a written contract; the statute
28  makes such misrepresentations unlawful."

equipment charges.  <u>Id.</u> at 4, 9; Def.'s Request for Judicial Notice ("RJN"), Exs. B-D.

Comcast fails to pinpoint specifically where in the 38-page agreement, which is single-

spaced and in a small font, this alleged disclosure is set forth.  Nor has Comcast

demonstrated how disclosures supposedly made in 2008 have any bearing on whether

Comcast misrepresented the terms of its bundled promotion offered in 2011.  In any event,

the substantive merit of Comcast's argument is dependent upon matters outside the

pleadings, and therefore, cannot be addressed on a Rule 12(b)(6) motion to dismiss.

## C.   REASONABLE CONSUMER

Finally, Comcast argues that no reasonable consumer would have been misled by the

misstatements of its customer services representatives on the ground that Plaintiff has not

alleged "anything that would have misled a reasonable person about its charges for

*equipment*."  Def.'s Mot. at 13 (emphasis in original).  Specifically, Comcast asserts that

bundled *services* are distinct from *equipment*, and therefore, no reasonable consumer would

expect that a charge for bundled services would automatically include the cost of any

necessary equipment rental.  Def.'s Mot. at 12-14.  The Court is not so sanguine.  When

contacting Comcast, Plaintiff alleges that he asked the representative whether there were

"any" other charges associated with the Triple Play package, and was told there were not.

A reasonable consumer could interpret such response to mean that the quoted fees were *all

inclusive*.  As the Court explained in its prior ruling, the issue of whether Comcast's

conduct was likely to deceive a reasonable consumer "is a fact question not suitable for

resolution on a motion to dismiss."  1/9/12 Order at 6.

## IV.   <u>CONCLUSION</u>

For the reasons stated above,

IT IS HEREBY ORDERED THAT

1.      Defendant Comcast's Motion to Dismiss the SAC is DENIED.

2.      The motion hearing scheduled for May 15, 2012 is VACATED.  The Case

Management Conference currently scheduled for May 15, 2012 is CONTINUED to <u>May

31, 2012 at 2:30 p.m.</u>  Prior to the date scheduled for the conference, the parties shall meet

and confer and prepare a joint Case Management Conference Statement which complies with the Standing Order for All Judges of the Northern District of California and the Standing Orders of this Court.  Plaintiff shall assume responsibility for filing the joint statement no less than seven (7) days prior to the conference date.  Plaintiff's counsel is to set up the conference call with all the parties on the line and call chambers at (510) 637-3559.  NO PARTY SHALL CONTACT CHAMBERS DIRECTLY WITHOUT PRIOR AUTHORIZATION OF THE COURT.

       3.     This Order terminates Docket 41.

       IT IS SO ORDERED.

Dated:  May 30, 2012

SAUNDRA BROWN ARMSTRONG
United States District Judge