UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ATHANASSIOS DIACAKIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COMCAST CORPORATION, and DOES 1-10, inclusive,<br><br>Defendants. | No:  C 11-3002 SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Dkt. 89 |

Plaintiff Athanassios Diacakis ("Plaintiff"), individually and on behalf of all others similarly situated, filed the instant putative class action against Defendant Comcast Corporation ("Comcast"), alleging that it violated various California consumer protection statutes.  In particular, he claims that Comcast misrepresented the terms of its Triple Play package (which bundles internet, television and telephone services) by failing to disclose to potential subscribers that they will be subject to additional charges for the rental of a cable modem that is used to facilitate the services.

The parties are presently before the Court on Plaintiff's Motion for Class Certification, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), or alternatively, (b)(2).  Dkt. 89.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.   BACKGROUND

### A.   FACTUAL SUMMARY

The parties are familiar with the facts of this case, which are summarized herein only to the extent they are pertinent to the instant motion. Comcast provides cable television, broadband internet, and telephone service to residential and commercial customers. Second Am. Compl. ("SAC") ¶ 10, Dkt. 40. The SAC alleges that from August 11 to 20, 2011, Plaintiff spoke with several different Comcast customer service representatives "after seeing advertisements for bundled packages." Id.[1] At that time, Plaintiff was already using Comcast's internet services and was paying for the use of a modem which is necessary for service connectivity. Pl.'s Depo. at 32:6-11, 36:11-17, 35:5-25, Dkt. 82-1.

Plaintiff initiated his first call to Comcast about bundling his internet and cable television services on August 11, 2010. SAC ¶ 10. Plaintiff spoke to a customer service representative named "Heather," who informed him about various bundling options. Id. Plaintiff found these proposals too expensive. Id. Heather then stated that Comcast was offering a Triple Play package, which bundles internet, cable television and telephone services for $99.00 per month. Id. She indicated that there were additional charges for DVR service, HBO and for the Speed channel. Id. Plaintiff declined to order any services at that time, however. Id.

On August 20, 2010, Plaintiff made a second call to Comcast and spoke to a representative named "Steve." Id. ¶ 11. Plaintiff again asked about the pricing for the Triple Play bundle. Id. Like Heather, Steve informed Plaintiff that the base rate for the package was $99.00 per month, plus an additional monthly charge of $9.99 for HBO and $6.95 for the Speed channel. Id. Plaintiff asked if there were any additional charges. Id. The representative responded only that the $99.00 per month rate was an introductory rate.

---

[1] During his deposition, Plaintiff admitted that he, in fact, did *not* see any Comcast advertisements prior to contacting Comcast. See Stortz Decl. Ex. B (Pl.'s Depo.) at 57:10-25. He further admitted that the allegation in the SAC that he called Comcast in response to seeing advertisements is "not particularly accurate." See id. at 58:4-16.

Id. When pressed further, the representative stated that there was a $25.00 installation charge. Id. Nonetheless, he allegedly made no mention of an additional charge for renting or leasing a modem. Id. Though Plaintiff did not order any services at that time, he called back later that day and spoke with a different representative and ordered the Triple Play package and scheduled the installation for August 25, 2010. Id. ¶ 12.

On August 25, 2010, Comcast installed its services at Plaintiff's residence. Id. ¶ 13. Thereafter, Plaintiff began receiving invoices which included a previously-undisclosed monthly modem fee of $10.00 and modem lease charge of $5.00. Id. ¶ 15. Plaintiff alleges that these charges "were outside and in excess of the specifically quoted bundled services." Id.

### B. PROCEDURAL HISTORY

#### 1. Prior Proceedings

On May 13, 2011, Plaintiff filed a class action complaint against Comcast in the San Francisco County Superior Court. Notice of Removal ¶ 3, Dkt. 1. On June 17, 2011, Comcast removed the action to this Court under the Class Action Fairness Act, 28 U.S.C. § 1332(d). Following removal, Plaintiff filed a First Amended Complaint ("FAC") alleging six state law causes of action for: (1) violation of California's Consumer Legal Remedies Act ('CLRA"), Cal. Civ. Code §§ 1750 et seq.; (2) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; (3) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 et seq.; (4) fraud and deceit; (5) unjust enrichment; and (6) violation of Washington's Consumer Protection Act, RCW 19.68 et seq. ("CPA").

On August 8, 2011, Comcast filed a Rule 12(b)(6) motion to dismiss. Dkt. 15. On January 9, 2012, the Court issued an order granting the motion in part and denying it in part. 1/9/12 Order, Dkt. 39. The Court rejected Comcast's arguments that disclosures contained in its Service Agreement insulated it from liability. Id. at 6. The Court likewise disagreed with Comcast's contention that its alleged actions were not misleading as a matter of law. Id. at 6-7. However, the Court found that Plaintiff failed to allege

Comcast's allegedly fraudulent conduct with sufficient particularity to pass muster under Federal Rule of Civil Procedure 9(b). Id. at 7-9. More specifically, the Court pointed out that the FAC failed to allege any particular facts regarding the advertisements or any other marketing materials that Plaintiff allegedly saw, or any facts regarding his telephone conversations with Comcast representatives during which false or misleading information was supposedly disseminated. Id. at 8. The Court granted Plaintiff leave to amend his claims under CLRA, UCL and FAL, as well as his claim for fraud. As for the remaining claims, the Court dismissed the unjust enrichment claim with prejudice, and Plaintiff voluntarily dismissed his claim under the CPA. Id. at 9-10.

On January 30, 2012, Plaintiff filed a Second Amended Complaint ("SAC"), which is the operative pleading before the Court. He provided additional specificity regarding his personal contacts with Comcast, but did not offer any additional facts regarding any of Comcast's alleged marketing practices. SAC ¶¶ 10-15. Comcast moved to dismiss the SAC, arguing among other things, that the SAC fails to allege fraud with particularity. Dkt. 41. The Court rejected that contention and noted that Plaintiff had provided sufficient information regarding his various telephone conversations with Comcast representatives to avoid dismissal. 5/31/12 Order at 5, Dkt. 57. As to Comcast's remaining arguments, the Court found that they could not be resolved based on limited the scope of the Court's inquiry on a Rule 12(b)(6) motion to dismiss. Id. at 6-7.

### 2. Motion for Class Certification

On November 20, 2012, Plaintiff filed the instant motion for class certification, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), or alternatively, under (b)(2). He seeks to certify a class defined as follows:

> All individuals in the State of California who purchased a bundled internet, cable television and telephone service package from Defendant Comcast Corporation, and who were charged rental or lease fees for the mandatory telephony modem equipment in addition to the bundled rate from May 14, 2007 to the present (the "Class"). Excluded from the Class are employees of Defendant, its officers, directors, subsidiaries and affiliates, as well as judicial officers assigned to the case and their families.

Pl'.s Mot for Class Certification ("Pl.'s Mot.") at ii, Dkt. 89. Comcast opposes the motion. The matter has been fully briefed and is ripe for adjudication.

## II. LEGAL STANDARD

The Court has the discretion to grant or deny class certification in accordance with Federal Rule of Civil Procedure 23. Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir.), amended 273 F.3d 1266 (9th Cir. 2001). "As the party seeking class certification, [the plaintiff] bears the burden of demonstrating that [he] has met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)." Id. Rule 23(a) provides that:

> **(a) Prerequisites**: One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
>   (1) the class is so numerous that joinder of all members is impracticable;
>
>   (2) there are questions of law or fact common to the class;
>
>   (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
>   (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). "The four requirements of Rule 23(a) are commonly referred to as 'numerosity,' 'commonality,' 'typicality,' and 'adequacy of representation' (or just 'adequacy'), respectively." United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO v. ConocoPhillips Co., 593 F.3d 802, 806 (9th Cir. 2010). Apart from Rule 23(a), the plaintiff must also show that "the class is indeed identifiable as a class." Oshana v. Coca-Cola Co., 472 F.3d 506, 513 (7th Cir. 2006); In re Flash Memory Antitrust Litig., No. C 07-0086 SBA, 2010 WL 2332081, *4 (N.D. Cal. June 9, 2010).

If all four prerequisites of Rule 23(a) are satisfied, the court must "satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." Comcast Corp. v. Behrend, 133 S.Ct. 1426, 1432 (2013). Under Rule 23(b) a class may be maintained where:

(1) there is a risk of substantial prejudice from separate actions; (2) declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) common questions of law or fact predominate and the class action is superior to other available methods of adjudication. Fed. R. Civ. P. 23(b). The district court must conduct a "rigorous analysis" to determine whether the plaintiff has met his or her burden under Rule 23. Mazza v. American Honda Motor Co., Inc., 666 F.3d 581, 588 (9th Cir. 2012).

## III. DISCUSSION

### A. IDENTIFIABLE AND ASCERTAINABLE CLASS

"As a threshold matter, and apart from the explicit requirements of Rule 23(a), the party seeking class certification must demonstrate that an identifiable and ascertainable class exists." Mazur v. eBay, Inc., 257 F.R.D. 563, 567 (N.D. Cal. 2009); see Little v. T-Mobile USA, Inc., 691 F.3d 1302, 1304 (11th Cir. 2012) ("Before a district court may grant a motion for class certification, a plaintiff . . . must establish that the proposed class is adequately defined and clearly ascertainable."). Certification is improper if there is "no definable class." See Lozano v. AT & T Wireless Servs., Inc., 504 F.3d 718, 730 (9th Cir. 2007).

Comcast argues that the proposed class is not ascertainable because Plaintiff's class definition is overbroad. See Def.'s Opp'n at 12-13. The Court agrees. In Oshana, the plaintiff brought a putative class action against the Coca-Cola Company under the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), claiming that the company deceived consumers by failing to disclose that fountain Diet Coke is sweetened with a blend of aspartame and saccharin whereas bottled Diet Coke is sweetened only with aspartame. The district court denied the plaintiff's request to certify a class which was defined, in effect, to include *anyone* who purchased fountain Diet Coke from a certain date onward. On appeal, the Seventh Circuit affirmed the denial of certification on the ground that the proposed class definition was overbroad. Oshana, 472 F.3d at 514. In reaching its decision, the court held that the class definition must include persons injured by the defendant's alleged conduct. Id. The class proposed by the plaintiff failed to comport with

- 6 -

that requirement because it "could include millions who were not deceived and thus have no grievance under the ICFA," and "[c]ountless members of [plaintiff]'s putative class could not show any damage, let alone damage proximately caused by Coke's alleged deception." Id.  Consequently, the court concluded that the overbreadth of plaintiff's class definition precluded certification.  Id.

Like the ICFA claim in Oshana, Plaintiff's claims against Comcast require a showing of consumer deception.  See Williams v. Gerber Prods. Co., 552 F.3d 934, 938 (9th Cir. 2008).  Yet, to be a member of the class proposed by Plaintiff, one need only have "purchased a bundled internet, cable television and telephone service package from Defendant Comcast Corporation, and . . . [been] charged rental or lease fees for the mandatory telephony modem equipment in addition to the bundled rate from May 14, 2007 to the present . . . ."  See Pl.'s Mot. at ii.  In other words, the class includes *anyone* who purchased any bundled package, irrespective of whether he or she was deceived by Comcast's alleged failure to disclose the existence of additional modem charges.  Since the proposed class includes persons who were not injured in the same manner as Plaintiff, the proposed class is overbroad.  See Oshana, 472 F.3d at 513-14; see also Vigus v. Southern Illinois Riverboat/Casino Cruises, Inc., 274 F.R.D. 229, 235 (S.D. Ill. 2011) (denying certification on ascertainability grounds, stating that "[w]here a class is overbroad and could include a substantial number of people who have no claim under the theory advanced by the named plaintiff, the class is not sufficiently definite."); In re McDonald's French Fries Litig., 257 F.R.D. 669, 671-72 (N.D. Ill. 2009) (denying certification in an action accusing McDonald's of misrepresenting that its french fries were allergen-free where the proposed class included persons who were unaffected by the misrepresentations). Plaintiff's motion for class certification is thus subject to denial for failure to identify an ascertainable class.

**B.  REQUIREMENTS OF RULE 23(A)**

**1.  Numerosity**

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The plaintiff must present evidence to satisfy the numerosity requirement. See Dukes, 131 S.Ct. at 2551 ("A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties . . . ."). The failure to present evidence to show numerosity precludes class certification. See Black Faculty Ass'n of Mesa College v. San Diego Cmty. College Dist., 664 F.2d 1153, 1157 (9th Cir. 1981) (finding that there was an insufficient basis upon which to certify a class where insufficient evidence to support finding of numerosity or any of the other requirements of Rule 23(a)).

Plaintiff contends that the numerosity requirement is satisfied based on the fact that there were 649,576 Triple Play subscribers in California as of August 2010. See Pl.'s Mot. at 4. That fact is uncompelling. Plaintiff offers no evidence regarding the number of those subscribers who were allegedly misled by Comcast into believing there would be no modem-related fees if they signed up for the Triple Play package. The mere fact that there are numerous Triple Play subscribers, standing alone, is insufficient to show numerosity. See, e.g., Siles v. ILGWU Nat. Retirement Fund, 783 F.2d 923, 930 (9th Cir. 1986) (affirming denial of certification of class consisting of members of plan who were denied benefits where plaintiff presented no evidence as to how many of the 31,000 plan members were denied benefits in circumstances similar to the plaintiff). The Court therefore concludes that Plaintiff has failed to meet the numerosity requirement of Rule 23(a)(1).

**2.  Commonality**

Commonality requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Generally, a plaintiff bears only a "limited burden" of demonstrating a single common question of law or fact. Mazza, 666 F.3d at 589. Here, there are common legal and factual issues that arise from Comcast's alleged failure to disclose that modem fees would be charged in addition to the cost for the Triple Play

1 package. E.g., id. (finding that common questions under Rule 23(a)(2) existed in a UCL
2 lawsuit which alleged that automobile manufacturer misled consumers in advertisements
3 regarding the subject vehicle's braking system). Comcast contends that commonality is
4 lacking, as there is no evidence that its customers were misled in the same way. See Defs.'
5 Opp'n at 5. However, "the individualized issues raised go to pre[dominance] under Rule
6 23(b)(3), not to whether there are common issues under Rule 23(a)(2)." Mazza, 666 F.3d at
7 589. The Court therefore finds that Plaintiff has satisfied his "limited burden" of showing
8 commonality under Rule 23(a)(2). Id.

### 3. Typicality

10 The typicality requirement requires the plaintiff to show that "the claims or defenses
11 of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ.
12 P. 23(a)(3). "[R]epresentative claims are 'typical' if they are reasonably co-extensive with
13 those of absent class members; they need not be substantially identical." Hanlon v.
14 Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998). "The test of typicality is whether
15 other members have the same or similar injury, whether the action is based on conduct
16 which is not unique to the named plaintiffs, and whether other class members have been
17 injured by the same course of conduct." Evon v. Law Offices of Sidney Mickell, 688 F.3d
18 1015, 1030 (9th Cir. 2012) (internal quotations and citation omitted).

19 Plaintiff argues that the typicality requirement "is easily met here because the claims
20 are based upon the same injury arising from the same uniform omissions and standardized
21 business practices." See Pl.'s Mot. at 5. The record does not support that contention. As
22 Comcast correctly points out, the only evidence offered by Plaintiff regarding Comcast's
23 alleged practices consists of his limited personal experience in speaking with "Heather,"
24 "Steve" and another unidentified Comcast representative in August 2010. There is no
25 evidence that Comcast has employed any policy, custom or practice of intentionally failing
26 to inform potential Triple Play subscribers that they will be subject to separate modem fees.
27 To the contrary, the record presented thus far shows that Comcast trains and instructs its
28

employees to inform customers and potential customers about all applicable charges, including those for leased equipment. Negrete Decl. ¶¶ 10-12 & Exs. A, B.

Plaintiff does not dispute his failure to present any evidence of "uniform omissions and standardized business practices," but instead accuses Comcast of "improperly . . . arguing the merits." See Pl.'s Reply at 1.[2] This contention lacks merit. The Ninth Circuit recently clarified that consideration of the merits is required when, as here, there is overlap with class certification issues:

> [T]he merits of the class members' substantive claims are often highly relevant when determining whether to certify a class. More importantly, it is not correct to say a district court *may* consider the merits to the extent that they overlap with class certification issues; rather, a district court *must* consider the merits if they overlap with the Rule 23(a) requirements.

Ellis v. Costco Wholesale Corp., 657 F.3d 970, 981 (9th Cir. 2011) (emphasis in original). In this instance, the core issue of whether there is any evidence of "uniform omissions and standardized business practices," see Pl.'s Mot. at 5, overlaps with the salient question of whether members of the class experienced or were harmed by the same or similar type of conduct experienced by Plaintiff, see Evon, 688 F.3d at 1030. Thus, while the Court makes no determination as to the ultimate merits of Plaintiff's claims, it must consider whether Plaintiff has presented evidence of classwide conduct to demonstrate typicality under Rule 23(a)(3). In light of the paucity of such evidence, the Court finds that Plaintiff has failed meet his burden of demonstrating typicality under Rule 23(a)(3).

//

//

//

---

[2] Curiously, Plaintiff claims that the Court previously "upheld [his] claims" in denying Comcast's most recent motion to dismiss. Pl.'s Reply at 1, Dkt. 90. The Court did no such thing. The question with respect to a Rule 12(b)(6) is whether the allegations of the complaint—*which are accepted as true for purposes of the motion*—are sufficient to state a claim for relief. Thus, the Court merely ruled that Plaintiff had alleged sufficient facts for purposes of Rule 8.

### 4. Adequacy

The final requirement under Rule 23(a) is that the representative party must fairly and adequately represent the interests of the proposed class. Fed. R. Civ. P. 23(a)(4). "Adequate representation depends on the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive." Crawford v. Honig, 37 F.3d 485, 487 (9th Cir. 1995) (internal quotations omitted). With regard to the sharing of interests, the Supreme Court has "repeatedly held that a class representative must be a part of the class and possess the same interest and suffer the same injury as the class members." Gen. Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 156 (1982) (internal quotations and citations omitted); see also Sosna v. Iowa, 419 U.S. 393, 403 (1975) ("A litigant must be a member of the class which he or she seeks to represent at the time the class action is certified by the district court.").

Comcast argues that Plaintiff is not an adequate representative because there is no evidence that he or anyone else was misled by its marketing and advertisements for the Triple Play package. See Def.s' Opp'n at 13-14. Plaintiff does not dispute that he lacks such evidence. See Pl.'s Reply at 7. In addition, Plaintiff admitted during his deposition that he did not review any advertisements before contacting Comcast in August 2010 about bundling his services. See Pl.'s Depo. at 57:10-25. Since Plaintiff could not have been harmed by any allegedly misleading advertising, he cannot adequately represent a class member who claims to have been harmed by Comcast's alleged marketing program. See Valentino v. Carter-Wallace, Inc., 97 F.3d 1221, 1234 (9th Cir. 1997) ("The named

**1** plaintiffs thus may not be able to provide adequate representation for those who have
**2** suffered different injuries.").[3]

**3**      Arguably, Plaintiff could be an adequate representative as to class members who
**4** were subjected to the same practice which Plaintiff experienced during his August 2010
**5** conversations with Comcast representatives; to wit, the failure to disclose that subscribers
**6** to the Triple Play package would be subject to an additional charge for the modem.
**7** Curiously, however, neither party discusses this issue in a meaningful manner. See Pl.'s
**8** Mot. at 6-7; Pl.'s Reply at 7; Def.'s Opp'n at 13-14. Since it is the parties' obligation to
**9** brief the relevant issues, the Court declines to consider this particular matter sua sponte.
**10** See Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial
**11** system relies on the advocates to inform the discussion and raise the issues to the court.").
**12** In any event, even if Plaintiff were an adequate class representative, he has otherwise failed
**13** to satisfy the other requirements of Rule 23.

**14**     **C.**    **CERTIFICATION UNDER RULE 23(B)**

**15**      As noted, a plaintiff seeking class certification must, in addition to satisfying each of
**16** the four requirements of Rule 23(a) and demonstrating the existence of an ascertainable
**17** class, demonstrate that certification is appropriate under at least one of the three subsections

---

[3] There appears to be some confusion between the parties as to whether the SAC properly alleges a "marketing claim" against Comcast; that is, a claim that Comcast engaged in false or misleading advertising regarding its Triple Play package with respect to the cost of the modem. In his FAC, Plaintiff attempted to allege claims based on misleading statements made during telephone calls with Comcast representatives, *as well as* misleading marketing. The Court found that Plaintiff had failed to allege sufficient facts to sustain either theory of liability. In his SAC, Plaintiff provided additional details regarding his telephone conversations, but provided no additional facts regarding any false or misleading marketing. SAC ¶¶ 10-16. In ruling on Comcast's renewed motion to dismiss, the Court did not expressly address whether there were facts sufficient to state a marketing claim, but instead, found that Plaintiff had alleged sufficient information facts regarding his telephone conversations to avoid dismissal of his claims. In view of the parties' disagreement over the scope of Plaintiff's claims, the Court now clarifies that no facts are alleged in the SAC to support a claim that Comcast engaged in false or misleading marketing. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Nonetheless, as discussed above, even if such a claim were alleged, Plaintiff is not an adequate representative for such a claim.

1 comprising Rule 23(b). The Court concluded above that Plaintiff has failed to carry his
2 burden of satisfying the ascertainability, numerosity, typicality and adequacy
3 requirements—which is fatal to his motion for class certification. Nevertheless, even
4 assuming arguendo that Plaintiff had met his burden with respect to those requirements, he
5 has otherwise failed to show that certification is proper under Rule 23(b)(3), or
6 alternatively, Rule 23(b)(2).

### 1. Rule 23(b)(3)

Plaintiff seeks certification under Rule 23(b)(3). Under this subsection, a class may be certified if the district court "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

There are two components to Rule 23(b)(3): predominance and superiority. Hanlon, 150 F.3d at 1022-23. The predominance and superiority requirements work together to ensure that certifying a class "would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 615 (1997) (internal citation and quotation omitted). The plaintiff bears the burden of establishing both of these components of Rule 23(b)(3). See Zinser, 253 F.3d at 1186.

#### a. Predominance

"The predominance inquiry of Rule 23(b)(3) asks whether proposed classes are sufficiently cohesive to warrant adjudication by representation. The focus is on the relationship between the common and individual issues." Stearns v. Ticketmaster Corp., 655 F.3d 1013, 1019 (9th Cir. 2011). If common questions "present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication," the predominance test is generally satisfied. Hanlon, 150 F.3d at 1022. On the other hand, "if the main issues in a case require the separate adjudication of each class member's

individual claim or defense, a Rule 23(b)(3) action would be inappropriate." Zinser, 253 F.3d at 1190 (internal quotations omitted). If common issues do not predominate, "the economy and efficiency of class action treatment are lost and the need for judicial supervision and the risk of confusion are magnified." Id.[4]

According to Plaintiff, the predominance requirement is met because each class member was allegedly subject to the same omissions and misleading marketing program. See Pl.'s Mot. at 7-14. Plaintiff asserts that no individual issues exist since Comcast's liability turns on whether a reasonable consumer would have been misled by its conduct, which, as an objective standard, can thus be established through the presentation of common evidence. Id. The flaw in that argument, however, is that Plaintiff has failed to make any showing that there any uniform practice underlying his claims in the first instance. At their core, Plaintiff's claims are based on three telephone conversations between Plaintiff and Comcast representatives. SAC ¶¶ 10-14. As noted, he has made no showing that the representations or omissions during those calls were made pursuant to a standardized script or marketing practice. Indeed, there is no evidence that anyone other than Plaintiff was allegedly misinformed about the modem fees. Without such a showing, Plaintiff cannot establish that there are common questions which predominate over questions affecting only individual members, as required by Rule 23(b)(3).

The principal case by Plaintiff, Baghdasarian v. Amazon.com, Inc., 258 F.R.D. 383 (C.D. Cal. 2009), is distinguishable. In that case, the plaintiff alleged that Amazon.com's shipping and handling disclosure failed to inform consumers that fees collected for shipping and handling of products sold by third party vendors were actually paid in part to the vendors as a commission. Citing non-Ninth Circuit case law, the district court found that the question of whether Amazon's shipping and handling disclosure was misleading "could

---

[4] The predominance analysis of Rule 23(b)(3) is not identical to or synonymous with the commonality analysis in Rule 23(a)(2). "In contrast to Rule 23(a)(2), Rule 23(b)(3) focuses on the relationship between the common and individual issues." Hanlon, 150 F.3d at 1022. "Even if Rule 23(a)'s commonality requirement may be satisfied by that shared experience, the predominance criterion is far more demanding." Amchem, 117 S.Ct. at 2250.

- 14 -

be established through common proof." Id. at 390. Unlike Baghdasarian, however, there is no showing by Plaintiff of a central, uniform policy or practice by Comcast to mislead consumers regarding modem fees associated with the Triple Play package. Nor has Plaintiff identified any particular advertisement which is alleged to be misleading. As such, the Court finds that Baghdasarian is of no assistance to Plaintiff.

### b. Superiority

"The superiority inquiry under Rule 23(b)(3) requires determination of whether the objectives of the particular class action procedure will be achieved in the particular case. . . . This determination necessarily involves a comparative evaluation of alternative mechanisms of dispute resolution." Hanlon, 150 F.3d at 1023. The court must evaluate whether a class action is a superior method of adjudicating plaintiff's claims by evaluating four factors: (1) the interest of each class member in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against the class; (3) the desirability of concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely to be encountered in the management of a class action. Zinser, 253 F.3d at 1190-92 (discussing Rule 23(b)(3)(A)-(D)).

In his motion, Plaintiff makes no effort to discuss the factors relevant to the superiority requirement. Instead, Plaintiff suggests only that proceeding on a class action basis would "avoid thousands of repetitive and wasteful lawsuits of the same causes of action arising out of the same conduct . . . ." See Pl.'s Mot. at 14. However, Plaintiff fails to point to any evidence that there are "thousands" of other Triple Play subscribers who were provided any misleading information by Comcast. Even if there were such evidence, Plaintiff fails to take into account that Comcast's alleged conduct may be addressed by regulatory agencies such as the Federal Communications Commission, the Federal Trade Commission and the California Public Utilities Commission. See Stortz Decl. ¶ 6 and Ex. E. Plaintiff responds that there is no evidence of any proceedings pending against Comcast before these agencies addressing the conduct underlying this action. See Pl.'s Reply at 15.

Perhaps so, but Plaintiff misses the point entirely. The question is whether there are alternative mechanisms available for dispute resolution, not whether those mechanisms have been utilized. In any event, the burden is on Plaintiff to establish superiority; it is not Comcast's burden to disprove it.

### 2. Rule 23(b)(2)

In a footnote, Plaintiff argues that "[i]f this Court should find against certification of Plaintiff's Rule 23(b)(3) class, Plaintiff alternatively requests 23(b)(2) certification for an identically-defined class for damages and injunctive relief, ordering Comcast to disclose modem fees to Triple Play customers." See Pl.'s Mot. at 15 n.13. Rule 23(b)(2) applies where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]" Fed. R. Civ. P. 23(b)(2).

Plaintiff's request for certification under Rule (b)(2) is not well taken. As an initial matter, it is improper to present a substantive request in a footnote which is devoid of any meaningful analysis. See City of Emeryville v. Robinson, 621 F.3d 1251, 1261 n.9 (9th Cir. 2010). Second, and more fundamentally, "[c]lass certification under Rule 23(b)(2) is appropriate only where the primary relief sought is declaratory or injunctive." Zinser, 253 F.3d at 1195. Here, Plaintiff does not allege that his claim for damages is merely incidental to his request for injunctive relief. See Dukes, 131 S.Ct. at 2557 (holding that Rule 23(b)(2) cannot be used to certify a class, "where . . . the monetary relief is not incidental to the injunctive or declaratory relief."). If anything, it appears that the opposite is true in that Plaintiff's claim for injunctive relief is incidental to his claim for damages. See Jt. Case Mgmt. Stmt. at 9, Dkt. 60 ("Plaintiff seeks damages, special damages, restitution, disgorgement, injunctive relief, attorneys' fees, and costs."). The Court therefore concludes that Plaintiff has failed to carry his burden of demonstrating the propriety of class certification under Rule 23(b)(2).

## IV. CONCLUSION

Plaintiff has failed to carry his burden of demonstrating that class certification is warranted in this action. Accordingly, for the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiff's Motion for Class Certification is DENIED. This Order terminates Docket 41.

IT IS SO ORDERED.

Dated: May 3, 2013

SAUNDRA BROWN ARMSTRONG
United States District Judge